

**Lisa M. Umscheid,** OSB No. 925718
lumscheid@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3219
503-228-2525
Fax 503-226-3910
Attorneys for Plaintiffs

FILED'09 OCT 22 11:49USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**HALLY AND MARY HAWORTH,**

Plaintiffs,

v.

**CITY OF FOREST GROVE**, a municipal subdivision of the State of Oregon; **RICHARD G. KIDD, III,** in his official capacity; **PETER TRUAX,** in his official capacity; **VICTORIA LOWE,** in her official capacity; **RONALD THOMPSON,** in his official capacity; **THOMAS JOHNSTON,** in his official capacity; **ELENA UHING,** in her official capacity; **CAMILLE MILLER,** in her official capacity; **DEENA BARRETT,** in her official capacity; **MICHAEL J. SYKES,** in his official capacity; **PAUL DOWNEY,** in his official capacity.

Defendants.

Case No. CV '09 1241 AC

**COMPLAINT**

**(Violation of 42 U.S.C. § 1983, Supplemental State Law Claims of Inverse Condemnation, Intentional Interference with Prospective Business Advantage, and Nuisance)**

**JURY TRIAL DEMANDED**

Plaintiffs Hally Haworth and Mary Haworth ("plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331 (federal question jurisdiction), and 28 U.S.C. Section 1343 (civil rights jurisdiction).

2.     Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to U.S.C. Section 1367 with respect to all causes of action based on the Oregon Constitution and Oregon common law because the state claims arise from the same nucleus of operative facts as the federal claims.

3.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(1) and (2), because all defendants reside or are located in the State of Oregon, and the events and omissions giving rise to this claim occurred in Oregon.

### PARTIES

4.     Plaintiffs Hally and Mary Haworth, husband and wife, are residents of unincorporated Washington County, Oregon.

5.     Defendant City of Forest Grove is a municipality organized and incorporated pursuant to Oregon law.

6.     At all times relevant to the claims in this complaint, defendant Richard G. Kidd, III was the Mayor of the City of Forest Grove, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Kidd's term of office expires in November 2010.

7.     At all times relevant to the claims in this complaint, defendant Peter Truax was the Council President of the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Truax's term of office expires in November 2012.

8.     At all times relevant to the claims in this complaint, defendant Victoria Lowe was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Lowe's term of office expires in November 2012.

9.     At all times relevant to the claims in this complaint, defendant Ronald Thompson was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Thompson's term of office expires in

**Page 2 -   COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

November 2010.

10.      At all times relevant to the claims in this complaint, defendant Thomas Johnston was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Johnston's term of office expires in November 2010.

11.      At all times relevant to the claims in this complaint, defendant Elena Uhing was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Uhing's term of office expires in November 2012.

12.      At all times relevant to the claims in this complaint, defendant Camille Miller was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Miller's term of office expires in November 2010.

13.      Until November 2006, defendant Deena Barrett was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

14.      At all times relevant to the claims in this complaint, defendant Michael Sykes was the City Manager of Forest Grove, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

15.      At all times relevant to the claims in this complaint, defendant Paul Downey was the City of Forest Grove Finance Director, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

### OREGON TORT CLAIMS ACT NOTICE

16.      On or about July 23, 2009, plaintiffs sent a notice of their claims to the City of Forest Grove.  The notice complies with the Oregon Tort Claims Act.  A copy of the notice is attached to this complaint as Exhibit "A" and incorporated herein.

**Page 3 -   COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

## GENERAL ALLEGATIONS

### The Haworths' Family Business

17.     As a family business, plaintiffs operate a wholesale nursery using the name
Haworth Nursery.  Plaintiffs started their business in 1975.  They began their venture by planting
peach pits on a small corner parcel of land owned by family.  The next year, plaintiffs rented one
acre and planted seedlings.  During these early years of the business, plaintiff Mary Haworth and
the Haworth children worked the land and tended and harvested the trees.  Plaintiff Hally
Haworth worked a second full-time job outside the family business in order to generate income
for the family.  In addition, plaintiff Hally Haworth assisted his family by working the land and
assisting in the harvest.

18.     Over time, plaintiffs' business grew.  By the mid-1980s, the business had grown
enough to allow plaintiff Hally Haworth to resign his full-time outside employment and devote
all his business time to Haworth Nursery.  Around the same time, plaintiffs hired a part-time
employee to assist them.  As the years passed, Haworth Nursery steadily grew through the
personal work and labor of plaintiffs, and through their investment of cash into the business.
Presently, plaintiffs plant 500,000 trees per year.  During the busy season each year, plaintiffs
provide as many as 30 employees with jobs.  In addition to growing trees for nursery stock,
plaintiffs also grow some hay and grain, and they maintain a small herd of cattle to graze
portions of their property.

19.     At all times material to the claims in this complaint, plaintiffs owned a 140-acre
parcel of real property (hereinafter the "Property").  Plaintiffs purchased the Property for the
purpose of farming the land to produce trees and plants suitable for sale by their family business.
At all times relevant to the claims in this complaint, the Property was zoned primarily EFU
(exclusive farm use), with the balance zoned AF-20 (agricultural/forest 20-acre minimum lot
size).  The Property was and is outside the Urban Growth Boundary.  The Property's soils are
Class II-IV, with Class II predominant.  Under Oregon's agricultural classification system,

**Page 4 -   COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

Class IV or better soils are designated "high value farmland." (Class I is the highest category.) The Property has substantial water and irrigation rights, has high quality transportation access, and has historically been used for farm land. Other than approximately 38 acres in its northwest corner, the Property is cleared, flat farmland without significant trees or non-agricultural vegetation.

### The City's Threat To Acquire the Haworths' Property

20.     On August 16, 2005, the City of Forest Grove City Council adopted Resolution No. 2005-49, attached to this complaint as Exhibit "B" and incorporated herein. In the Resolution, the City declared its intent to acquire the Property in fee title.

21.     Under Oregon law, a public entity, including a city, may acquire private property, but only when the property is necessary for public use.

22.     Despite the limits on a public entity's authority to acquire private property, the City's Resolution No. 2005-49 expressly states that the City intended to sell or lease for private development that portion of the Property "determined to be in excess of future park and recreation needs." The City's own resolution conceded that the City sought to acquire *more* of plaintiffs' Property than was needed for public use. In fact, in August 2005, the total acreage of the Property exceeded the total acreage for parks in the City of Forest Grove parks plan. The City's parks master plan called for a total of only 110 acres, citywide, of parks and open space by 2010 to meet projected growth.

23.     From August 2005 through November 3, 2005, plaintiffs attempted to negotiate with the City of Forest Grove to develop a mutually acceptable way to accommodate the City of Forest Grove's stated desire for more park land, and plaintiffs' need for land suitable for their nursery operations.

24.     Believing that they would reach an acceptable compromise with the City of Forest Grove, beginning in September 2005, plaintiffs devoted more than 140 hours of labor, and at least $53,316 in costs, to prepare the Property for planting for the 2006 season.

Page 5 -   **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

**The City's Unnecessary and Unfounded Litigation Against the Haworths**

25.    Plaintiffs could not reach an agreement with the City of Forest Grove.  In order to acquire the Property, on or about November 23, 2005, the City of Forest Grove filed a lawsuit against plaintiffs entitled *City of Forest Grove v. Haworth,* Washington County Circuit Court Case No. C05-4324CV.  A copy of the complaint is attached as Exhibit "C" and incorporated herein.

26.    Because the City of Forest Grove commenced litigation, plaintiffs did not use the Property to grow trees in 2006, even though plaintiffs had invested at least $53,316 to prepare the Property for planting.

27.    Plaintiffs retained a lawyer to represent them in the condemnation litigation. Plaintiffs filed an answer in the case, alleging, among other things, that the City's attempt to acquire the property would not serve the greatest public good and would not result in the least private injury, and, further, that the City's attempt to take the Property was unnecessary.

28.    More than a year of litigation ensued.  On multiple occasions from November 2005 through November 2006, plaintiffs attempted in good faith to resolve the dispute with the City of Forest Grove, including at a mediation session on November 30, 2006.

29.    At the mediation on November 30, 2006, plaintiffs offered to donate 70 acres of the Property to the City if the City would dismiss its lawsuit.  The City refused.  All attempts by plaintiffs to reach a mutually acceptable compromise with the City of Forest Grove failed.

30.    By the end of November 2006, plaintiffs had been forced to incur more than $55,000 in attorney's fees to defend themselves against the City's attempt to take the Property.

31.    Finally, the City of Forest Grove forced its condemnation claim to a trial in Washington County Circuit Court.  Trial began on December 20, 2006.

32.    During the trial, Mayor Richard G. Kidd, III could not identify any basis for the City's need to acquire all 140 acres of the Property.

33.    During the second day of trial, on December 21, 2006, at the suggestion of the

Page 6 -    **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

Honorable Mark Gardner, Circuit Court Judge, the parties agreed to recess the trial. Judge Gardner suggested that the City and the plaintiffs mediate the dispute, telling the City's attorney about the City's case, "If this was a prize fight, they would have stopped it." Judge Gardner suggested that he would serve as the mediator if the parties agreed to mediation.

34.     The City agreed to dismiss its litigation against plaintiffs. Defendant Michael J. Sykes was quoted in multiple local newspapers as saying, "The City hasn't been very excited about the use of condemnation anyway."

35.     The City wanted, and secured, the express right to reinstate the lawsuit at any point if the mediation was unsuccessful. Plaintiffs agreed that the City could reinstate the case if the mediation was unsuccessful, but only if plaintiffs' (the Haworths') fees and costs would be specifically addressed as part of the mediation. The Haworths insisted on this condition because, if the case were reinstated and the Haworths were successful, or if the City abandoned its attempts to take plaintiffs' Property, plaintiffs would be entitled to a judgment requiring the City to reimburse them for their attorney's fees and costs.

36.     On April 3, 2007, the Washington County Circuit Court entered a stipulated judgment, attached to this complaint as Exhibit "D" and incorporated herein. The stipulated judgment states that the case would be reinstated, if the mediation was not successful, "without prejudice to either party's position as it existed at the time of dismissal, e.g., preserving the effective dates and proceedings as they existed at the time of dismissal, notwithstanding the actual date of any reinstated proceedings relating to the matters under dispute[.]"

**The Defendants' Bad Faith Conduct After The Dismissal of The Condemnation Case**

37.     After the dismissal of the condemnation case, defendant Michael J. Sykes, acting in the course and scope of his employment and on behalf of the City of Forest Grove, suggested to plaintiffs that, rather than mediating the dispute before Judge Gardner as mediator as the parties had agreed, that plaintiffs attempt to negotiate directly with City officials. Assuming that the City and the individual defendants would negotiate in good faith, plaintiffs agreed.

**Page 7 -   COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

38.     As more specifically alleged below, beginning in May 2007 and continuing through and including December 2008, plaintiffs attempted in good faith to negotiate with the City and the individual defendants to arrive at an agreed upon sale price for the Haworths' sale of the Property to the City.

39.     During these discussions throughout 2007 and 2008, the City retained two separate consultants to assist the parties in the discussions.

40.     On or about July 23, 2008, plaintiffs met with defendants Mayor Richard G. Kidd, III, Council President Peter Truax, Finance Director Paul Downey, and City Manager Michael J. Sykes.  Plaintiffs attempted to negotiate a mutually acceptable resolution to the dispute between the City and plaintiffs.  Plaintiffs' attempt did not result in a mutually acceptable compromise.

41.     From July 2008 through September 2008, plaintiffs attempted on several occasions to resolve the dispute with the City of Forest Grove.  Plaintiffs' attempts were unsuccessful.  In or about October 2008, defendant Michael J. Sykes sent plaintiffs a list of proposed deal terms.

42.     On or about November 12, 2008, plaintiffs met with defendant City Manager Michael J. Sykes to attempt to resolve the dispute.  Plaintiffs reminded defendant Sykes that any proposal by the City to plaintiffs would need to include reimbursement of their attorney's fees and costs.  Defendant Sykes told plaintiffs that he believed the City Council would not support such a request.  Based on the comments made by defendant Sykes, plaintiffs concluded that the City did not intend, through a negotiated agreement, to reimburse their attorney's fees and costs.

43.     On or about November 21, 2008, defendant Downey forwarded to plaintiffs a description of a possible resolution.  The description, however, did not indicate that the City Council had endorsed or authorized an agreement with plaintiffs on the terms described.  The description did not include a proposal that the City would pay plaintiffs their attorney's fees.

44.     By November 2008, plaintiffs had incurred more than $147,000 in attorney's fees defending their right to be paid just compensation by the City.

**Page 8 –   COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

45.    In or about December 2008, realizing that defendants had no intention of addressing plaintiffs' now substantial attorney's fees and costs, plaintiffs stopped negotiating directly with the City and its representatives.  Instead, plaintiffs decided to seek redress in Washington County Circuit Court by initiating mediation before Judge Gardner and, if the mediation were not successful, by reinstating the condemnation case.

### The Haworths' Attempt To Enforce Their Rights In Court

46.    On or about January 23, 2009, through their counsel, plaintiffs asked Judge Gardner to assume the role of mediator in order to assist the parties to agree upon a mutually acceptable sale price for the Property.

47.    Six days later, on January 29, 2009, through its counsel, the City notified Judge Gardner that it refused to participate in mediation.

48.    Despite the parties' earlier agreement to reinstate the case if mediation was unsuccessful, in order to permit plaintiffs to recover their attorney's fees and costs, the City refused to reinstate the condemnation case.  On information and belief, the City refused to reinstate the case for the purpose of interfering with plaintiffs' right of access to the courts and for the purpose of preventing plaintiffs from recovering their attorney's fees and costs.

49.    Under Oregon law, when a public body abandons an action to condemn property, the court is required to enter judgment in favor of the defendant (here, the Haworths) for costs and disbursements in the action and for reasonable attorney fees and reasonable expenses, including appraisal costs and expert costs.  Through its counsel, the City nonetheless argued in its submissions to the Washington County Circuit Court that plaintiffs were not entitled to recover their attorney's fees and reasonable expenses.

50.    Plaintiffs defended against this attempt by the City to prevent them from recovering their reasonable attorney's fees and reasonable expenses.  On February 23, 2009, through their attorneys, plaintiffs and the City appeared before Judge Gardner.  At that hearing, the City, through its attorney, stated that the City's condemnation action filed against the

Page 9 -   **COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

Haworths was an improper use of the City's eminent domain power.

    51.    At the February 23, 2009 hearing, Judge Gardner found that the City's decision neither to participate in the mediation nor reinstate the condemnation action constituted an abandonment pursuant to ORS 35.335. The court reinstated the condemnation action for the purpose of the Haworths submitting a petition for their attorney's fees, costs and disbursements.

    52.    On or about June 17, 2009, plaintiffs obtained a judgment in their favor, and against the City of Forest Grove, in the amount of $185,844.92. The City paid plaintiffs $185,844.92.

    53.    On and after June 17, 2009, the City has taken no further action to acquire the Property.

    54.    The City has not fully compensated plaintiffs for their damages and losses. Specifically, the City has not compensated plaintiffs for the diminished value of the Property, the lost rental revenue, or any economic losses sustained by plaintiffs as a result of the City's litigation and all defendants' conduct during the protracted negotiations. Moreover, the City has not compensated plaintiffs for the stress, anxiety, and physical and emotional distress they suffered as the result of (a) the City's attempt to acquire plaintiffs' Property for park use, even though such a taking was not necessary, (b) defendants' conduct in unnecessarily subjecting plaintiffs to more than three years of costly (and, for the City, unsuccessful) litigation and fruitless negotiations, and (c) defendants' intentional and unwarranted interference with plaintiffs' right of access to the courts.

    55.    As a result of defendants' conduct, plaintiffs have sustained economic damages in an amount not less than $394,316 and are further entitled to compensatory damages in an amount not less than $185,000, including but not limited to the following losses and damages:

    (a)    Diminished value of the Property beginning in August 2005, through at least July 2009;

    (b)    Out-of-pocket costs of not less than $55,316 incurred by plaintiffs to prepare the

**Page 10 - COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

Property for planting in 2006;

(c)     Lost rental revenue resulting from plaintiffs' inability to rent the rental house on the Property while the City's condemnation action was threatened and pending;

(d)     Repair costs incurred by plaintiffs to repair damage to the rental house sustained during the time the City's condemnation action was threatened and pending;

(e)     Costs incurred by plaintiffs to replace a pole building and lean-to roof that were destroyed while the City's condemnation action was threatened and pending;

(f)     Repair costs incurred by plaintiffs to repair damage to a building sustained during the time the City's condemnation action was threatened and pending;

(g)     Interest on the funds plaintiffs were required to spend on attorney's fees and professional fees because of the City's lawsuit against plaintiffs;

(h)     Plaintiffs' humiliation, embarrassment, damage to reputation, stress, anxiety, and physical and emotional distress;

(i)     Attorney's fees paid by plaintiffs to defend against the City's action in the City's condemnation case, to the extent not reimbursed by the City; and

(j)     Costs, disbursements, and expenses paid by plaintiffs to defend against the City's actions in the condemnation case, to the extent not reimbursed by the City.

### FIRST CLAIM FOR RELIEF

#### (Violation of 42 U.S.C. § 1983: Right of Access to the Courts)

#### (Against All Defendants)

56.     Plaintiffs reallege and incorporate paragraphs 1 through 55, above.

57.     At all relevant times, defendants were acting under color of law.

58.     At all times relevant to this complaint, plaintiffs had a clearly established constitutional right of access to the courts, guaranteed to them by the Fourteenth Amendment and the First Amendment to the U.S. Constitution.

59.     At all times relevant to this complaint, plaintiffs had a clearly established

**Page 11 - COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

constitutional right, guaranteed to them by the Fourteenth Amendment and First Amendment to the U.S. Constitution, to participate in government. This right includes the constitutional right to attend hearings of local governing bodies and the constitutional right to participate in court proceedings, free from intimidation by government officials or other actions by government officials designed to curtail or prevent that participation.

60.    Defendants, and each of them, deprived plaintiffs of their constitutional rights by the conduct alleged in paragraphs 1 through 55, above, including, but not limited to, defendants' refusal to reinstate the condemnation case in an effort to prevent plaintiffs from seeking reimbursement of their attorney's fees and costs.

61.    Because of defendants' acts, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

62.    If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

63.    Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

## SECOND CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983: Deprivation of Property Right Without Substantive and Procedural Due Process)

### (Against All Defendants)

64.    Plaintiffs reallege and incorporate paragraphs 1 through 63, above.

65.    At all relevant times, defendants were acting under color of law.

66.    At all times relevant to this complaint, plaintiffs had a clearly established constitutional right, guaranteed to them by the Fourteenth Amendment to the U.S. Constitution, not to be deprived by the government of their property interests without both substantive and procedural due process.

Page 12 -  COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

67.     Defendants, and each of them, deprived plaintiffs of their constitutional rights by the conduct alleged in paragraph 1 through 55, above, including, but not limited to:

(a)     The City of Forest Grove's arbitrary decision to acquire all 140 acres of plaintiffs' Property when there was no public need to do so;

(b)     Defendants' arbitrary decision to decline plaintiffs' offer to donate 70 acres of the Property to the City, and defendants' conduct in subsequently forcing plaintiffs to endure more than two and one-half years of litigation and negotiation, which culminated only in the City's decision to abandon its efforts to acquire the Property; and

(c)     Defendants' refusal to reinstate the condemnation case in an effort to prevent plaintiffs from seeking reimbursement of their attorney's fees and costs.

68.     Because of defendants' acts, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

69.     If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

70.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### THIRD CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983: Violation of the Fifth and Fourteenth Amendments)

### (Against All Defendants)

71.     Plaintiffs reallege and incorporate paragraphs 1 through 70, above.

72.     Defendants acted under color of law.

73.     Without acquiring plaintiffs' Property, the City of Forest Grove reduced the value of the Property by threatening a condemnation proceeding without proper legal authority, and by commencing litigation against plaintiffs in November 2005 without proper legal authority.

Page 13 - COMPLAINT

Further, all defendants reduced the value of the Property by unreasonably delaying the resolution of the litigation until June 2009. Specifically, defendants reduced the value of the Property by engaging plaintiffs in protracted negotiations after the dismissal of the litigation and, subsequently, by refusing to participate in mediation and by otherwise failing to timely and expeditiously resolve the issues in dispute between the parties. The City of Forest Grove's threat of condemnation and subsequent litigation, and all defendants' subsequent conduct, as alleged in paragraphs 1 through 68, reduced the value of the Property by at least $125,000.

74.     Defendants' acts constituted a taking and an appropriation of the Property for public purposes without payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

75.     As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

76.     If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

77.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### FOURTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Business Advantage)

### (Against City of Forest Grove)

78.     Plaintiffs reallege and incorporate paragraphs 1 through 77, above.

79.     Plaintiffs had and have a valid business expectancy in the economically productive use of the Property, including but not limited to the expectancy of (a) renting the rental home on the Property to prospective tenants, (b) using the Property in plaintiffs' wholesale business to produce marketable plants and trees to sell to prospective customers, and (c) holding the property as an asset that could be sold to prospective purchasers.

Page 14 - COMPLAINT

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

80.     At all material times, defendants Richard G. Kidd, III, Peter Truax, Victoria Lowe, Ronald Thompson, Thomas Johnston, Elena Uhing, Camille Miller, Deena Barrett, Michael Sykes, and Paul Downey were acting within the course and scope of their offices or their employment.

81.     Defendants intentionally interfered with plaintiffs' valid business expectancy by threatening a condemnation proceeding without justification, commencing a condemnation proceeding without proper legal authority, engaging plaintiffs in protracted but fruitless negotiations, and ultimately attempting to prevent plaintiffs from access to the court so that plaintiffs could enforce their legal right to recover their reasonable attorney's fees and expenses.

82.     Defendants' actions were accomplished through improper means or for an improper purpose, including but not limited to the following:

(a)     The City's adoption of Resolution No. 2005-49, authorizing the City's intent to acquire all 140 acres of the Property, when there was no public necessity;

(b)     The City's refusal of plaintiffs' offer to donate 70 acres of the Property to the City;

(c)     Defendants' failure to negotiate in good faith with plaintiffs after the dismissal of the condemnation case;

(d)     Defendants' refusal to participate in mediation presided over by Judge Gardner;

(e)     Defendants' refusal to reinstate the condemnation case; and

(f)     Defendants' attempt to preclude plaintiffs from recovering their attorney's fees and expenses in the condemnation case.

83.     As a result of defendants' improper interference, from August 2005 through and including June 2009, while the condemnation action was threatened, was pending, and until final judgment was entered in June 2009, plaintiffs were unable to sell the Property to any prospective purchaser, were unable to rent the rental house to any prospective tenant, and were unable to put the Property to its highest and best use. Plaintiffs could not, and did not, use the Property in 2006 to produce marketable trees and plants to sell to prospective customers.

**Page 15 – COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

84.     Further, defendants' conduct caused plaintiffs humiliation, embarrassment, damage to reputation, stress, anxiety, and physical and emotional distress.

85.     As a result of defendants' improper interference, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

86.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### FIFTH CLAIM FOR RELIEF

#### (Inverse Condemnation: Oregon Constitution)

#### (Against the City of Forest Grove)

87.     Plaintiffs reallege and incorporate paragraphs 1 through 86, above.

88.     Defendant City of Forest Grove, without condemning plaintiffs' Property, reduced the value of the Property by threatening a condemnation proceeding without proper legal authority, by commencing litigation in November 2005 without proper legal authority, and by unreasonably delaying the resolution of the litigation until June 2009. Specifically, defendant City of Forest Grove, without condemning plaintiffs' Property, reduced the value of the Property by engaging plaintiffs in protracted negotiations after the dismissal of the litigation and, subsequently, by refusing to participate in the mediation and by otherwise failing to timely and expeditiously resolve the issues in dispute between the parties. Defendant City of Forest Grove's threat of condemnation, and its subsequent conduct in the litigation, reduced value of the Property by at least $125,000.

89.     Defendant City of Forest Grove's acts constituted a taking and an appropriation of the Property for public purposes without payment of just compensation in violation of Article I, Section 18 of the Oregon Constitution.

90.     As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not

**Page 16 - COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

less than $185,000, as alleged in detail in paragraph 55.

91.     Pursuant to ORS 20.085, plaintiffs are entitled to their attorney's fees and costs.

92.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### SIXTH CLAIM FOR RELIEF

### (Nuisance)

### (Against City of Forest Grove)

93.     Plaintiffs reallege and incorporate paragraphs 1 through 92, above.

94.     At all material times, defendants were acting within the course and scope of their offices or their employment.

95.     Defendants' conduct, as alleged above, unreasonably invaded plaintiffs' interest in the use and enjoyment of the Property.

96.     At all material times, defendants' conduct was intentional, reckless or, at a minimum, negligent.

97.     As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

98.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### DEMAND FOR JURY TRIAL

99.     Plaintiffs demand a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

1.     On plaintiffs' first claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory

**Page 17 -  COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

2.      On plaintiffs' second claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

3.      On plaintiffs' third claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

4.      On plaintiffs' fourth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000;

5.      On plaintiffs' fifth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in the amount of not less than $185,000, plus plaintiffs' attorney's fees and costs pursuant to ORS 20.085;

6.      On plaintiffs' sixth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for their economic damages in an amount not less than $394,316, and for compensatory damages in the amount of not less than $185,000;

7.      On all their claims, pre- and post-judgment interest;

///

///

///

///

///

**Page 18 -  COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\671487\2

8.      Plaintiffs' costs and disbursement incurred herein; and

9.      Such other relief as the Court deems just and equitable.

DATED: _October 22, 2009_          Respectfully submitted,

                                   BALL JANIK LLP

                                   By: _____
                                        LISA M. UMSCHEID, OSB No. 925718
                                        101 SW Main St., Ste. 1100
                                        Portland, OR 97204
                                        lumscheid@balljanik.com
                                        503-228-2525
                                        503-226-3910 (fax)
                                          Attorneys for Plaintiffs Hally Haworth and
                                          Mary Haworth

**Page 19 -  COMPLAINT**
.

# BALL JANIK LLP

### A T T O R N E Y S

101 SOUTHWEST MAIN STREET, SUITE 1100
PORTLAND, OREGON 97204-3219
www.balljanik.com
TELEPHONE 503-228-2525
FACSIMILE 503-295-1058

LISA M. UMSCHEID

lumscheid@balljanik.com

July 23, 2009

BY FIRST CLASS MAIL, FACSIMILE & HAND-DELIVERY

Paul C. Elsner
Beery Elsner & Hammond LLP
1750 SW Harbor Way, Suite 380
Portland, OR 97201

Re:    Hally & Mary Haworth v. City of Forest Grove
Oregon Tort Claims Act Notice

Dear Mr. Elsner:

As you know, this firm represents Hally and Mary Haworth with respect to the City of Forest Grove's condemnation of the Haworths' 140-acre farm tract. In accordance with the Oregon Tort Claims Act, this letter notifies the City of Forest Grove that the Haworths intend to assert claims for damages against the City of Forest Grove and/or its officers, employees, or agents.

The claimants are Hally and Mary Haworth. Correspondence regarding this matter may be sent to me at this address.

### COMPLIANCE WITH ORS 30.275(5)(B)

ORS 30.275(5)(b) requires the Haworths to submit formal notice to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel. Because you are representing the City of Forest Grove in the litigation from which the Haworths' new claims arise, we are sending this letter to you, as the general counsel for the City. Please transmit a copy of this letter to the City.

In order to ensure compliance with ORS 30.275(5)(b), we also intend to send this letter directly to Peter Truax, President of the City Council, with a copy to City Manager Michael Sykes. If you object to us sending this letter directly to City representatives, please notify us immediately and confirm that (a) the City accepts this letter as a notice that complies with the Oregon Tort Claims Act, including ORS 30.275, and (b) the City waives, and will not assert, any argument that by mailing this letter to you, as general counsel for the City, we failed to comply

EXHIBIT A
::ODMA\PCDOCS\PORTLAND\654108\1
COMPLAINT
Page 1 of 5

# BALL JANIK LLP

Paul C. Elsner
July 23, 2009
Page 2

with ORS 30.275(5)(b). Otherwise, we will deliver the letter directly to Mr. Truax and Mr. Sykes on **July 24, 2009.**

   If the claims described in this letter are covered by any form of liability insurance or other form of insurance, please let us know if we need to provide any additional information or background.

## DESCRIPTION OF THE TIME, PLACE AND CIRCUMSTANCES GIVING RISE TO THE CLAIMS

  The Haworths intend to assert claims for damages against the City of Forest Grove and/or its officers, employees, or agents. The Haworths have sustained damages as a result of (a) the City attempting to take the Haworths' entire 140-acre parcel for park use, even though such a taking was not necessary; and (b) the City's conduct in *City of Forest Grove v. Haworth,* Washington County Circuit Court Case No. C05-4324CV, including the City's conduct during informal negotiations between the parties, the City's refusal to mediate the case using Judge Mark Gardner as mediator, the City's refusal to reinstate the litigation to the court's docket, and the City's attempts to preclude the Haworths from recovering all their attorney's fees, professional fees and costs.

  As you know, the City first announced its intent to acquire the Haworths' property in August 2005, almost four full years ago. On August 16, 2005, the City Council adopted Resolution No. 2005-49, which declared the City's intent to acquire the Haworths' property in fee title. A public condemnor is entitled to acquire property only when the property is necessary for public use. Remarkably, however, the City's resolution expressly contemplated that the City would sell or lease for private development that portion of the Haworths' farm "determined to be in excess of future park and recreation needs." After multiple years of litigation in the matter, the City's counsel acknowledged that the City had no basis for the condemnation action.

  Despite this clearly flawed basis for the exercise of the City's power to take private property, the City proceed to a trial in Washington County Circuit Court. Trial began on December 20, 2006. The next day, December 21, the Honorable Mark Gardner suggested that the parties recess the trial and mediate the dispute, with Judge Gardner serving as the mediator. The parties agreed to do so, and stipulated to a judgment that dismissed the litigation without prejudice. The stipulated judgment specified that if the parties did not resolve the matter "utilizing the process described in the judgment," the City had the *unilateral* right to reinstate the case. The parties also stipulated to the specific nature of the reinstatement: the case would be reinstated "without prejudice to either party's position as it existed at the time of dismissal, e.g. preserving the effective dates and proceedings as they existed at the time of dismissal, notwithstanding the actual date of any reinstated proceedings relating to the matters under dispute[.]"

# BALL JANIK LLP

Paul C. Elsner
July 23, 2009
Page 3

After the dismissal, the City suggested that the Haworths negotiate directly with City officials to resolve the dispute. More than two years of fruitless discussions ensued. Ultimately, the Haworths concluded that they could not reach any agreement with the City without the assistance of Judge Gardner. Therefore, on January 23, 2009, through counsel the Haworths asked Judge Gardner to assume the role of mediator.

On January 29, 2009, the City notified Judge Gardner that it refused to participate in any mediation with Judge Gardner as mediator. Later, the City made the consequences of its tactic clear: the City asserted that its refusal to reinstate the case precluded the Haworths from recovering their attorney's fees, professional fees, and costs pursuant to ORS 35.335. Ultimately, as you know, the Court awarded the Haworths their attorney's fees, some (but not all) of the costs and disbursements they incurred, and some (but not all) of the expert fees they incurred. The Haworths have never been compensated for the diminished value of their property or their lost rents, nor have they been compensated for the stress, anxiety, and physical and emotional distress they have suffered as a result of the City's conduct.

The Haworths intend to assert claims against the City to recover the damages they have sustained as a result of this three-plus year legal battle. The Haworths intend to assert a claim against the City for inverse condemnation. The City's threatened—and, ultimately, abandoned—attempt to take the Haworths' property resulted in condemnation blight. *See, e.g., Lincoln Loan v. State Hwy. Comm'n,* 274 Or. 49, 545 P.2d 105 (1976); *Dep't of Transportation v. Hewett Professional Group,* 321 Or. 118, 134, 895 P.2d 755 (1995); *Coast Range Conifers, LLC v. State,* 339 Or. 136, 117 P.3d 990 (2005). The City's actions reduced the value of the Haworths' property, both during the long, protracted legal proceedings and thereafter.

The City's actions also constituted a temporary taking of the Haworths' property. The City's agreement to mediate, followed by a two-year period of unsuccessful negotiations, resulted in a temporary taking of the Haworths' property. A temporary taking is compensable. *See, e.g., Suess Builders v. City of Beaverton,* 294 Or. 254, 656 P.2d 306 (1982).

The City's refusal to reinstate the case and its attempts to preclude the Haworths from recovering all their attorney's fees, professional fees, and costs also constitute an unlawful interference with the Haworths' constitutional right of access to the courts. The right of access to the courts is a fundamental right guaranteed by the Constitution. The United States Supreme Court has recognized the source of the right of access to the courts in the privileges and immunities clause of Article IV, the First Amendment, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Citizens are entitled to meaningful access to the courts. Official action that interferes with that access is unconstitutional and gives rise to an action under 42 U.S.C. § 1983.

BALL JANIK LLP

Paul C. Elsner
July 23, 2009
Page 4

Here, the City avoided an almost certain defeat in the condemnation litigation by promising the Haworths that it would mediate or reinstate the case. Then it refused to do either. The City further compounded the problem by attempting to preclude the Haworths from recovering their attorney's fees, professional fees, and expenses. The City's actions violate the Haworths' constitutional rights.

In addition, the Haworths may assert other theories of recovery against the City, including but not limited to tortious interference with their prospective business advantage.

Because of the City's conduct, the Haworths have sustained losses of at least $524,400.09, plus attorney's fees that will continue to accrue, as more specifically itemized below:

(A)    At least $125,000 in the diminished value of the property beginning in August 2005, when the City first announced its intention to condemn the property for public use, through the expiration of the period for an appeal from the June 2009 judgment.

(B)    At least $54,000 in lost rent resulting from the Haworths' inability to rent the rental house on the property while the City's condemnation action was threatened and pending.

(C)    At least $15,000 in repair costs incurred by the Haworths to repair damage to the rental house over the three-plus years during which the Haworths did not know whether they would ever be able to rent the home.

(D)    At least $72,480 in replacement costs incurred by the Haworths to replace a pole building and a lean-to roof that were destroyed during the pendency of the City's legal action.

(E)    At least $12,000 in repair costs incurred by the Haworths to repair a building that sustained damages during the pendency of the City's legal action.

(F)    Approximately $35,000 in interest on the funds the Haworths were required to spend on attorney's fees and professional fees because of the City's legal action.

(G)    At least $185,000 in compensatory damages, including but not limited to damages for humiliation, embarrassment, damage to reputation, stress, anxiety, and physical and emotional distress caused by the City's handling of the legal dispute with the Haworths.

(H)    Approximately $25,000 in unreimbursed attorney's fees incurred by the Haworths to defend against the City's actions.

(I)    At least $920.09 in unreimbursed costs, disbursements and expenses incurred by the Haworths.

# BALL JANIK LLP

Paul C. Eisner
July 23, 2009
Page 5

In addition to the amounts itemized above, in the event that the Haworths are required to commence litigation to recover their damages, they will be entitled to attorney's fees pursuant to 42 U.S.C. § 1988 and/or ORS 20.085.

Please let me know if you have any questions about this letter.

Sincerely,

Lisa M. Umscheid

LMU:hls
cc:    City Manager Michael Sykes (via mail and hand-delivery on July 24, 2009)
       City Council President Peter Truax (via mail and hand-delivery on July 24, 2009)
       Hally and Mary Haworth

::ODMA\PCDOCS\PORTLAND\754208\3
COMPLAINT
Page 5 of 5



## RESOLUTION NO. __2005-49__

### A RESOLUTION OF INTENT TO APPROPRIATE REAL PROPERTY BY CONDEMNATION

**WHEREAS,** the City of Forest Grove ("City") has the authority to acquire for public or municipal use real property within or without City limits by condemnation pursuant to Forest Grove Charter Section 39 and ORS 223.005 to 223.105; and

**WHEREAS,** the City intends to acquire that certain real property in Washington County described as 1S-3W-07 – TL #100 and 1S-3W-06D – TL #700 (the "Property"), for the purposes described in this resolution:

**NOW, THEREFORE, BE IT RESOLVED BY THE CITY OF FOREST GROVE AS FOLLOWS:**

1.  Pursuant to ORS 35.235, the City of Forest Grove hereby declares its intention to acquire the whole of the Property in fee title.

2.  The purpose of acquiring the Property is to construct thereon, or on portions thereof, park and recreation facilities and to provide open space to serve the residents of the City. Such purposes are necessary for the general health and welfare of the City, and are for the public use and benefit of the City's residents. In addition, a portion of the Property determined to be in excess of future park and recreation needs may be utilized for other public facilities or sold or leased for private development.

3.  The City Manager is authorized to obtain an appraisal of the Property by an appraiser authorized by law to perform appraisals in the State of Oregon, and to commence negotiations for acquisition of the Property pursuant to state and federal law.

**PRESENTED AND PASSED** this 16th day of August, 2005.

Anna D. Ruggles, City Recorder

**APPROVED** by the Presiding Officer this 16th day of August, 2005.

Peter Truax, Presiding Officer

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| 6   CITY OF FOREST GROVE, an municipal corporation, | Case No. CO 54 324 CU |
| 7                      Plaintiff, | COMPLAINT (Condemnation of Real Property) |
| 8 | |
| 9        v. | Jury Trial Requested |
| 10   HALLY L. HAWORTH and MARY HAWORTH, husband and wife, | Not Subject to Mandatory Arbitration |
| 11              Defendants. | |

12                                          1.

13        The City of Forest Grove (the "City") is a municipality within the state of Oregon,

14   formed and authorized pursuant to the laws of the state of Oregon.

15                                          2.

16        Defendants Hally L. Haworth and Mary Haworth, husband and wife (together,

17   "defendants"), claim ownership interest in real property situated in Washington County, and

18   described in the Statutory Warranty Deed (the "Property"), a copy of which is attached hereto as

19   Exhibit 1, and by this referenced incorporated herein ("Deed").

20                                          3.

21        The real property described in the Deed is necessary for the public use for the location

22   and construction of park and recreation facilities, and to provide open space to serve the residents

23   of the City.

24   /////

25   /////

Page 1 - COMPLAINT

EXHIBIT C
COMPLAINT
Page 1 of 6

JORDAN SCHRADER PC
Attorneys at Law
PO Box 230669
Portland OR 97281
Telephone: (503) 598-7070 Fax: (503) 598-7373
46498-35171 5256R.doc\PRP/11/23/2005

1                                        4.

2          Before commencement of this action, the City by resolution declared its intent to

3  appropriate the Property, and the City's intended uses for the Property.

4                                        5.

5          The true value of the Property, sought to be appropriated by the City, is $1,900,000.

6                                        6.

7          Not less than 40 days before commencement of this action, the City attempted to acquire

8  the Property by negotiation, purchase, and agreement, but was unable to reach an agreement with

9  defendants with respect to the compensation to be paid and, therefore, prosecutes this action.

10         WHEREFORE, plaintiff City of Forest Grove prays an assessment be made by a jury

11 empaneled in this action to determine the compensation to be paid by reason of the appropriation

12 of the Property described in the Deed sought to be condemned and appropriated, and that on

13 payment into court of the compensation assessed by the jury, a judgment be entered vesting in

14 plaintiff City of Forest Grove title to said Property.

15         Dated this 23rd day of November, 2005.

16                                          JORDAN SCHRADER PC
                                            Attorneys for Plaintiff City of Forest Grove
17

18
                                          By: _____
19                                            Robert F. Blackmore, OSB # 81455
                                              bob.blackmore@jordanschrader.com
20                                            Fax No. (503) 598-7373

21 Trial Attorney: Robert F. Blackmore, OSB # 81455

22

23

24

25

Page 2 - COMPLAINT

JORDAN SCHRADER PC
Attorneys at Law
PO Box 230669
Portland OR 97281
Telephone: (503) 598-7070 Fax: (503) 598-7373
46498-35171 52568.doc\PRF/71/23/2005

EXHIBIT C
COMPLAINT
Page 2 of 6

**INSURED** *Pacific NW Title*

05271670-W

CRG

Title Order No. 05271670
Escrow No. 05271670

20-16
1650

After Recording Return To:
Hally L. Haworth and Mary J. Haworth
8338 SW Springhill
Gaston, OR 97119

Until a change is requested all tax statements shall be sent to
the following address:
Hally L. Haworth and Mary J. Haworth
8338 SW Springhill
Gaston, OR 97119



Washington County, Oregon    2005-106608
08/31/2005 03:09:58 PM
D-DW        Cnt=1 Stn=13 I CASTILLO
$20.00 $5.00 $11.00 $1,656.00 - Total = $1,667.00



L. Jerry Hanson, Director of Assessment and Taxation
and Ex-Officio County Clerk for Washington County,
Oregon, do hereby certify that the within instrument of
writing was received and recorded in the book of
records of said county.
Jerry R. Hanson, Director of Assessment and Taxation,
Ex-Officio County Clerk



**WASHINGTON COUNTY**
REAL PROPERTY TRANSFER TAX
$1,650.00    9/2/05
FEE PAID      DATE

## STATUTORY WARRANTY DEED

Delbert G. Huennekens, as Successor Trustee under Order Appointing Successor trustee filed June 7, 2005 under probate Case No. C02-0121 TR to Peter J. Zurcher, original trustee of The Credit Shelter Trust, under the last will and Testament of Ted P. Zurcher, as to an undivided 25% interest and The Ava M. Zurcher Living Trust, dated December 29, 1991, as amended August 11, 1995 and October 10, 1997, as to an undivided 75% interest , Grantor, conveys and warrants to Hally L. Haworth and Mary J. Haworth, as tenants by the entirety, Grantee, the following described real property free of encumbrances, except as specifically set forth herein situated in Washington County, Oregon, to wit:

See Exhibit A attached hereto and made a part hereof.

This property is free from encumbrances, EXCEPT: See Exhibit B attached hereto and made a part hereof·

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

The true consideration for this conveyance is $1,650,000.00. ** Paid to an Accommodator pursuant to an IRC 1031 Exchange. (Here comply with the requirements of ORS 93.030)

Dated this 3 ⟍ Day of August 2005.

The Credit Shelter Trust under the Last Will and Testament of Ted P. Zurcher, as to an undivided 25% interest

_____
Delbert G. Huennekens, Successor Trustee

The Ava M. Zurcher Living Trust dated December 29, 1991, as amended August 11, 1995 and October 10, 1997 as to an undivided 75% interest

_____
Delbert G. Huennekens, Successor Trustee

_____      _____

STATE OF OREGON        } ss
County of Washington

On this 3 ⟍ Day of August 2005, before me, the undersigned, personally appeared the within named Delbert G. Huennekens, as Successor Trustee of The Credit Shelter Trust under the last will and testament of Ted P. Zurcher and The Ava M. Zurcher Living Trust , known to me to be the identical individuals who executed the within instrument and acknowledged to me that he executed the same freely and voluntarily.

_____
Notary Public for the State of Oregon
My commission expires:

OFFICIAL SEAL
TONI CARDILLO
NOTARY PUBLIC - OREGON
COMMISSION NO. 380402
MY COMMISSION EXPIRES MARCH 8, 2008

**EXHIBIT C**
**COMPLAINT**
Page 3 of 6

EXHIBIT ___1___
PAGE ___1___        OR575TW2



**Exhibit A**

**PARCEL 1:**

A parcel of land situated in Section 5, 6, 7, and 8, Township 1 South, Range 3 West, Willamette Meridian, in the County of Washington and State of Oregon, being more particularly described as follows:

BEGINNING at a 3¼ inch aluminum disc stamped "Washington County Surveyor" at the West Southwest corner of the Alvin T. Smith Donation Land Claim No. 43 as per U.S.B.T. Book 7, Pages 177-179, Washington County Survey Records; thence along the West line of said Alvin T. Smith Donation Land Claim No. 43 North 00°05'14" East, 2280.83 feet to a point on the Southeasterly right-of-way of the Southern Pacific Railroad; thence along said Southern Pacific Railroad right-of-way North 59°48'02" East, 636.18 feet to a 5/8 inch iron rod with yellow plastic cap stamped "J. Peterson PLS 1856"; thence along the South line of TAYLOR INDUSTRIAL PARK, a plat of record in the County of Washington and State of Oregon, South 89°57'59" East, 835.22 feet to a 5/8 inch iron rod with yellow plastic cap stamped "J. Peterson PLS 1856"; thence continuing along the South line of said TAYLOR INDUSTRIAL PARK South 17°01'39" West, 341.09 feet to a 5/8 inch iron rod with yellow plastic cap stamped "J. Peterson PLS 1856"; thence continuing along the South line of said TAYLOR INDUSTRIAL PARK, South 54°41'35" East, 291.27 feet to a 5/8 inch iron rod with yellow plastic cap stamped "J. Peterson PLS 1856"; thence continuing along the South line of said TAYLOR INDUSTRIAL PARK North 56°46'22" East, 3883.39 feet to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp." on the South line of that tract of land conveyed to the City of Forest Grove by Deed recorded in Book 132, Page 233, Washington County Deed Records; thence along the South line of said City of Forest Grove Tract South 89°43'48" East, 17.22 feet to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp." on the West right-of-way of Fern Hill Road (County Road No. 1205); thence along said West right-of-way of Fern Hill Road (County Road No. 1205) South 00°04'42" West, 10.49 feet to an angle point; thence continuing along said West right-of-way of Fern Hill Road (County Road No. 1205) South 01°22'28" West 1117.15 feet to a ¾ inch iron pipe; thence continuing along said West right-of-way of Fern Hill Road (County Road No. 1205) 81.97 feet along the arc of a 983.59 foot radius curve concave to the East through a central angle of 04°46'30" (long chord bears South 01°00'47" East, 81.95 feet) to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp."; thence leaving said West right-of-way of Fern Hill Road (County Road No. 1205) South 56°48'16" West, 3515.51 feet to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp."; thence North 31°07'17" West, 819.33 feet to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp."; thence South 56°46'22" West 1225.09 feet to a 5/8 inch iron rod with yellow plastic cap stamped "Compass Corp."; thence continuing South 56°46'22" West, 25 feet, more or less, to the ordinary high water line on the East side of Gales Creek; thence along said ordinary high water line on the East side of Gales Creek the following 16 courses: South 19°58'16" East, 90.04 feet; thence South 11°19'44" East, 235.73 feet; thence South 00°30'24" West, 238.79 feet; thence South 65°42'34" East, 260.47 feet; thence South 65°09'35" East, 100.80 feet; thence South 21°26'59" East, 183.05 feet; thence North 88°59'58" East, 116.29 feet; thence South 86°39'32" East, 47.96 feet; thence South 50°34'14" East, 85.36 feet; thence South 07°54'44" West, 139.31 feet; thence South 69°44'36" West, 56.44 feet; thence North 77°48'15" West, 40.98 feet; thence North 61°37'05" West 35.21 feet; thence South 76°20'02" West, 95.94 feet; thence South 38°22'51" West, 51.29 feet; thence South 77°40'52" West, 41.23 feet to a point on the West line of the Alvin T. Smith Donation Land Claim No. 43; thence along said West line of the Alvin T. Smith Donation Land Claim No. 43, North 38°42'38" West, 201.28 feet to a 3¼ inch aluminum disc stamped "Washington County Surveyor" at the re-entrant corner on the West line of the Alvin T. Smith Donation Land Claim No. 43; thence North 89°44'26" West, 427.94 feet to the point of beginning.

EXCEPTING THEREFROM ownership of the State of Oregon, in and to that portion of the premises herein described lying below the line of ordinary high water of Gales Creek.

**PARCEL 2:**

A tract of land situated in the Northwest one-quarter of Section 7, Township 1 South, Range 3 West of the Willamette Meridian, in the City of Forest Grove, County of Washington and State of Oregon being more particularly described as follows:

BEGINNING at the most Westerly corner of Parcel 2 as per the recorded PARTITION PLAT NO. 1996-041, said point also being on the Southerly right of way line of the Southern Pacific Railroad; thence East along the South line of said Parcel 2 a distance of 492.09 feet; thence North 36°44'04" West 249.56 feet to a corner common with Parcel 2 and Parcel 3 of said Partition Plat, said corner being the most Westerly corner of said Parcel 3, said point also being in the Southerly right of way line of said railroad; thence South 59°44'29" West along said Southerly right of way line 396.90 feet to the point of beginning.

EXHIBIT C
COMPLAINT
Page 4 of 6

EXHI...
PAGE 2 of 4



Exhibit "B"

1. 2005-2006 taxes, a lien not yet payable.

2. As disclosed by the tax roll the premises herein described have been zoned or classified for farm use. At any time that said land is disqualified for such use, the property may be subject to additional taxes or penalties and interest.

3. The herein described premises are within the boundaries of and subject to the statutory powers, including the power of assessment, of Clean Water Services.

### THE FOLLOWING MATTERS AFFECT PARCEL 1:

4. Right, title or interest of the public, including governmental bodies in and to that portion of said premises lying below the ordinary high water line of Gales Creek and public rights of fishing and recreation in and to the shoreline of said Gales Creek.

5. Any adverse claim or defect in the title based upon the assertion that some portion of said land has been removed from or brought within the boundaries of the premises by an avulsive movement of Gales Creek or has been formed by a process of accretion or reliction or has been created by artificial means or has accreted to such portion so created.

6. Such rights for flood control and propagation of anadromous fish, as may exist over that portion of the property lying beneath the waters of Gales Creek.

7. Easement, including the terms and provisions thereof:

| | | |
|---|---|---|
| For | : | Right to erect and maintain poles, with the necessary wires and fixtures thereon, and to keep free from foliage |
| Granted to | : | The Pacific Telephone and Telegraph Company |
| Recorded | : | November 20, 1919 |
| Book | : | 131 |
| Page | : | 444 |
| Affects | : | Exact location not disclosed |

8. Easement, including the terms and provisions thereof:

| | | |
|---|---|---|
| For | : | Electric power transmission lines and appurtenant signal lines, poles, tower, wires, cables and appliances |
| Granted to | : | United States of America |
| Recorded | : | August 15, 1955 |
| Book | : | 372 |
| Page | : | 493 |
| Affects | : | The Southeasterly boundary line |

9. Easement, including the terms and provisions thereof:

| | | |
|---|---|---|
| For | : | Two water pipelines or conduits and appurtenances |
| Granted to | : | United States of America |
| Recorded | : | March 31, 1974 |
| Book | : | 977 |
| Page | : | 613 |
| Affects | : | A strip of land of varying width running across the Easterly portion of said land |

10. Easement, including the terms and provisions thereof:

| | | |
|---|---|---|
| For | : | Water pipeline(s) |
| Granted to | : | the City of Forest Grove and the City of Hillsboro, Municipal Corporations of Oregon |
| Recorded | : | December 08, 1976 |
| Book | : | 1130 |
| Page | : | 811 |
| Affects | : | A 20 foot strip across said land, refer to document for particulars |

EXHIBIT 1
PAGE 3 of 4

**EXHIBIT C
COMPLAINT
Page 5 of 6**



11. Easement, including the terms and provisions thereof:
| | | |
|---|---|---|
| For | : | Permanent water pipeline |
| Granted to | : | City of Forest Grove and City of Hillsboro |
| Recorded | : | January 31, 1977 |
| Book | : | 1141 |
| Page | : | 715 |
| Affects | : | A portion refer to document for particulars |

12. Easement, including the terms and provisions thereof:
| | | |
|---|---|---|
| For | : | Pipeline and related facilities |
| Granted to | : | Tualatin Valley Irrigation District |
| Recorded | : | December 22, 1980 |
| Fee No. | : | 80 046667 |
| Affects | : | A portion, however said easement is unlocatable from the legal description attached thereto |

13. Easement, including the terms and provisions thereof:
| | | |
|---|---|---|
| For | : | Road |
| Granted to | : | United States of America |
| Recorded | : | September 17, 1984 |
| Fee No. | : | 84036946 |
| Affects | : | A strip of land 24 feet wide across said land, refer to document for particulars |

14. Easement, including the terms and provisions thereof:
| | | |
|---|---|---|
| For | : | Roadway |
| Recorded | : | September 19, 1989 |
| Fee No. | : | 89 044602 |
| Affects | : | Location not disclosed, refer to document for particulars |

As amended by instrument:
| | | |
|---|---|---|
| Recorded | : | May 31, 1996 |
| Fee No. | : | 96 049140 |

15. Easement, including the terms and provisions thereof:
| | | |
|---|---|---|
| For | : | Access to the historical house, ingress, and egress |
| Granted to | : | Friends of Historic Forest Grove, Inc. |
| Recorded | : | March 3, 2005 |
| Fee No. | : | 2005-022618 |
| Affects | : | A 30 foot strip in a portion of said land |

THE FOLLOWING MATTERS AFFECT PARCEL 2:

16. Covenants, Conditions and Restrictions, including the terms and provisions thereof, as shown on the recorded plat of Taylor Industrial Park.

17. Covenants, Conditions and Restrictions, including the terms and provisions thereof, in Declaration:
| | | |
|---|---|---|
| Recorded | : | July 2, 1992 |
| Fee No. | : | 92 045916 |

As amended by instrument:
| | | |
|---|---|---|
| Recorded | : | March 14, 2005 |
| Fee No. | : | 2005-026339 |

18. Said Covenants, Conditions and Restrictions set forth above contain, among other things, levies and assessments of Taylor Industrial Park Owners Association.

THE FOLLOWING MATTERS AFFECT PARCELS 1 AND 2:

EXHIBIT ___ 1

PAGE 4 of 4

EXHIBIT C
COMPLAINT
Page 6 of 6

1

2

3

4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5             FOR THE COUNTY OF WASHINGTON

6   CITY OF FOREST GROVE, a municipal          |   Case No. C054324CV
    corporation,
7                                              |   STIPULATED JUDGMENT OF
              Plaintiff,                        |   DISMISSAL UNDER ORCP RULE 54A(2)
8
9        v.

    HALLY L. HAWORTH and MARY
10  HAWORTH, husband and wife,

11            Defendants.

12

13        The above matter came on for trial before the Honorable Mark Gardner, Circuit Judge, on

14  December 20, 2006. Plaintiff was represented by Robert F. Blackmore, Jordan Schrader PC.

15  Defendants were represented by Jack L. Orchard and Jessica T. Hamilton, Ball Janik LLP. This

16  proceeding is a condemnation action by Plaintiff for acquisition of an entire 140-acre parcel of

17  real property owned by Defendants, as specifically described in Plaintiff's Complaint herein.

18        Under ORS 35.305, Defendants elected to proceed first. After receipt and review by the

19  Court of the parties' respective trial memoranda and, following the testimony of witnesses and the

20  admission of exhibits during the trial proceedings on December 20 and 21, 2006, to facilitate

21  mediation by the trial judge of all claims and disputes, the parties agreed that the case would be

22  dismissed. The stipulation for dismissal occurred prior to Defendants' full presentation of their

23  case-in-chief. Plaintiff had not presented its case-in-chief. The parties agreed that Judge Gardner

24  /////

25  /////

26  /////

Page 1 - STIPULATED JUDGMENT OF DISMISSAL          JORDAN SCHRADER PC
        UNDER ORCP RULE 54A(2)                          Attorneys at Law
                                                        PO Box 230669
                              EXHIBIT D              Portland OR 97281
                              COMPLAINT      Telephone: (503) 598-7070 Fax: (503) 598-7373
                              Page 1 of 3          4649R-35171 91351_3.doc\PRP/3/21/2007

1      5.      The parties have entered into this stipulation voluntarily and each consent to the

2   designation of the Honorable Mark Gardner, Circuit Judge, as their mediator.

3           Dated this _____ day of March, 2007.

4

5                                            _____

6                                            The Honorable Mark Gardner
                                             Circuit Judge

7   SO STIPULATED:

8

9   _____
    Robert F. Blackmore, OSB #81455

10

11

12  _____
    Jack L. Orchard, OSB #72188

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -  STIPULATED JUDGMENT OF DISMISSAL
          UNDER ORCP RULE 54A(2)

EXHIBIT D
COMPLAINT
Page 3 of 3

JORDAN SCHRADER PC
Attorneys at Law
PO Box 230669
Portland OR 97281
Telephone: (503) 598-7070 Fax: (503) 598-7373
46498-35171 91351_3.doc\PRP/3/21/2007