**Lisa M. Umscheid,** OSB No. 925718
lumscheid@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3219
503-228-2525
Fax 503-226-3910
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HALLY AND MARY HAWORTH,** | Case No. CV09-1241 AC |
| Plaintiffs, | |
| v. | **FIRST AMENDED COMPLAINT** |
| **CITY OF FOREST GROVE**, a municipal subdivision of the State of Oregon; **RICHARD G. KIDD, III,** in his official capacity; **PETER TRUAX,** in his official capacity; **VICTORIA LOWE,** in her official capacity; **RONALD THOMPSON,** in his official capacity; **THOMAS JOHNSTON,** in his official capacity; **ELENA UHING,** in her official capacity; **CAMILLE MILLER,** in her official capacity; **DEENA BARRETT,** in her official capacity; **MICHAEL J. SYKES,** in his official capacity; **PAUL DOWNEY,** in his official capacity. | **(Violation of 42 U.S.C. § 1983, Supplemental State Law Claims of Inverse Condemnation, Intentional Interference with Prospective Business Advantage, Nuisance, and Wrongful Initiation of Civil Proceedings)**  **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs Hally Haworth and Mary Haworth ("plaintiffs") allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1331

Page 1 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

(federal question jurisdiction), and 28 U.S.C. Section 1343 (civil rights jurisdiction).

2.       Plaintiffs request that this Court invoke its supplemental jurisdiction pursuant to U.S.C. Section 1367 with respect to all causes of action based on the Oregon Constitution and Oregon common law because the state claims arise from the same nucleus of operative facts as the federal claims.

3.       Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(1) and (2), because all defendants reside or are located in the State of Oregon, and the events and omissions giving rise to this claim occurred in Oregon.

## PARTIES

4.       Plaintiffs Hally and Mary Haworth, husband and wife, are residents of unincorporated Washington County, Oregon.

5.       Defendant City of Forest Grove is a municipality organized and incorporated pursuant to Oregon law.

6.       At all times relevant to the claims in this complaint, defendant Richard G. Kidd, III was the Mayor of the City of Forest Grove, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Kidd's term of office expires in November 2010.

7.       At all times relevant to the claims in this complaint, defendant Peter Truax was the Council President of the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Truax's term of office expires in November 2012.

8.       At all times relevant to the claims in this complaint, defendant Victoria Lowe was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.  Defendant Lowe's term of office expires in November 2012.

9.       At all times relevant to the claims in this complaint, defendant Ronald Thompson was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a

Page 2 -    **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

purpose to serve the City of Forest Grove. Defendant Thompson's term of office expires in November 2010.

10.     At all times relevant to the claims in this complaint, defendant Thomas Johnston was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Johnston's term of office expires in November 2010.

11.     At all times relevant to the claims in this complaint, defendant Elena Uhing was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Uhing's term of office expires in November 2012.

12.     At all times relevant to the claims in this complaint, defendant Camille Miller was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove. Defendant Miller's term of office expires in November 2010.

13.     Until November 2006, defendant Deena Barrett was a Councilor serving on the Forest Grove City Council, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

14.     At all times relevant to the claims in this complaint, defendant Michael Sykes was the City Manager of Forest Grove, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

15.     At all times relevant to the claims in this complaint, defendant Paul Downey was the City of Forest Grove Finance Director, and was acting, at least in part, with a purpose to serve the City of Forest Grove.

## OREGON TORT CLAIMS ACT NOTICE

16.     On or about July 23, 2009, plaintiffs sent a notice of their claims to the City of Forest Grove. The notice complies with the Oregon Tort Claims Act. A copy of the notice is

Page 3 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

attached to this complaint as Exhibit "A" and incorporated herein.

## GENERAL ALLEGATIONS

### The Haworths' Family Business

17.    As a family business, plaintiffs operate a wholesale nursery using the name
Haworth Nursery.  Plaintiffs started their business in 1975.  They began their venture by planting
peach pits on a small corner parcel of land owned by family.  The next year, plaintiffs rented one
acre and planted seedlings.  During these early years of the business, plaintiff Mary Haworth and
the Haworth children worked the land and tended and harvested the trees.  Plaintiff Hally
Haworth worked a second full-time job outside the family business in order to generate income
for the family.  In addition, plaintiff Hally Haworth assisted his family by working the land and
assisting in the harvest.

18.    Over time, plaintiffs' business grew.  By the mid-1980s, the business had grown
enough to allow plaintiff Hally Haworth to resign his full-time outside employment and devote
all his business time to Haworth Nursery.  Around the same time, plaintiffs hired a part-time
employee to assist them.  As the years passed, Haworth Nursery steadily grew through the
personal work and labor of plaintiffs, and through their investment of cash into the business.
Presently, plaintiffs plant 500,000 trees per year.  During the busy season each year, plaintiffs
provide as many as 30 employees with jobs.  In addition to growing trees for nursery stock,
plaintiffs also grow some hay and grain, and they maintain a small herd of cattle to graze
portions of their property.

19.    At all times material to the claims in this complaint, plaintiffs owned a 140-acre
parcel of real property (hereinafter the "Property").  Plaintiffs purchased the Property for the
purpose of farming the land to produce trees and plants suitable for sale by their family business.
At all times relevant to the claims in this complaint, the Property was zoned primarily EFU
(exclusive farm use), with the balance zoned AF-20 (agricultural/forest 20-acre minimum lot
size).  The Property was and is outside the Urban Growth Boundary.  The Property's soils are

Page 4 -    **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

Class II-IV, with Class II predominant. Under Oregon's agricultural classification system, Class IV or better soils are designated "high value farmland." (Class I is the highest category.) The Property has substantial water and irrigation rights, has high quality transportation access, and has historically been used for farm land. Other than approximately 38 acres in its northwest corner, the Property is cleared, flat farmland without significant trees or non-agricultural vegetation.

### The City's Threat To Acquire the Haworths' Property

20.     On August 16, 2005, the City of Forest Grove City Council adopted Resolution No. 2005-49, attached to this complaint as Exhibit "B" and incorporated herein. In the Resolution, the City declared its intent to acquire the Property in fee title.

21.     Under Oregon law, a public entity, including a city, may acquire private property, but only when the property is necessary for public use.

22.     Despite the limits on a public entity's authority to acquire private property, the City's Resolution No. 2005-49 expressly states that the City intended to sell or lease for private development that portion of the Property "determined to be in excess of future park and recreation needs." The City's own resolution conceded that the City sought to acquire *more* of plaintiffs' Property than was needed for public use. In fact, in August 2005, the total acreage of the Property exceeded the total acreage for parks in the City of Forest Grove parks plan. The City's parks master plan called for a total of only 110 acres, citywide, of parks and open space by 2010 to meet projected growth.

23.     From August 2005 through November 3, 2005, plaintiffs attempted to negotiate with the City of Forest Grove to develop a mutually acceptable way to accommodate the City of Forest Grove's stated desire for more park land, and plaintiffs' need for land suitable for their nursery operations.

24.     Believing that they would reach an acceptable compromise with the City of Forest Grove, beginning in September 2005, plaintiffs devoted more than 140 hours of labor, and at

Page 5 -     **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

least $53,316 in costs, to prepare the Property for planting for the 2006 season.

### The City's Wrongful and Unfounded Litigation Against the Haworths

25.      Plaintiffs could not reach an agreement with the City of Forest Grove.  On or about November 23, 2005, the City of Forest Grove filed a lawsuit against plaintiffs entitled *City of Forest Grove v. Haworth,* Washington County Circuit Court Case No. C05-4324CV (the "Condemnation Action").  A copy of the complaint is attached as Exhibit "C" and incorporated herein.  In the Condemnation Action, the City of Forest Grove sought to acquire all 140 acres of the Property.

26.      The City of Forest Grove lacked any lawful basis to file the Condemnation Action.  At the time of filing the complaint in the Condemnation Action, the City of Forest Grove knew that there was no public need for all of the Property.  The City of Forest Grove knew or should have known that the Condemnation Action was an abuse of the City's power of eminent domain.  The City of Forest Gove intended to use the Condemnation Action to pressure plaintiffs into selling the Property to the City, even though there was no legal basis for the City's acquisition of all 140 acres of the Property.

27.      Because the City of Forest Grove commenced litigation, plaintiffs did not use the Property to grow trees in 2006, even though plaintiffs had invested at least $53,316 to prepare the Property for planting.

28.      Plaintiffs retained a lawyer to represent them in the condemnation litigation.  Plaintiffs filed an answer in the case, alleging, among other things, that the City's attempt to acquire the property would not serve the greatest public good and would not result in the least private injury, and, further, that the City's attempt to take the Property was unnecessary.

29.      More than a year of litigation ensued.  On multiple occasions from November 2005 through November 2006, plaintiffs attempted in good faith to resolve the dispute with the City of Forest Grove, including at a mediation session on November 30, 2006.

Page 6 -    **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

30.       At the mediation on November 30, 2006, plaintiffs offered to donate 70 acres of the Property to the City if the City would dismiss its lawsuit. The City refused. All attempts by plaintiffs to reach a mutually acceptable compromise with the City of Forest Grove failed.

31.       By the end of November 2006, plaintiffs had been forced to incur more than $55,000 in attorney's fees to defend themselves against the City's attempt to take the Property.

32.       Finally, the City of Forest Grove forced its condemnation claim to a trial in Washington County Circuit Court. Trial began on December 20, 2006.

33.       During the trial, Mayor Richard G. Kidd, III could not identify any basis for the City's need to acquire all 140 acres of the Property.

34.       During the second day of trial, on December 21, 2006, at the suggestion of the Honorable Mark Gardner, Circuit Court Judge, the parties agreed to recess the trial. Judge Gardner suggested that the City and the plaintiffs mediate the dispute, telling the City's attorney about the City's case, "If this was a prize fight, they would have stopped it." Judge Gardner suggested that he would serve as the mediator if the parties agreed to mediation.

35.       The City agreed to dismiss its litigation against plaintiffs. Defendant Michael J. Sykes was quoted in multiple local newspapers as saying, "The City hasn't been very excited about the use of condemnation anyway."

36.       The City wanted, and secured, the express right to reinstate the lawsuit at any point if the mediation was unsuccessful. Plaintiffs agreed that the City could reinstate the case if the mediation was unsuccessful, but only if plaintiffs' (the Haworths') fees and costs would be specifically addressed as part of the mediation. The Haworths insisted on this condition because, if the case were reinstated and the Haworths were successful, or if the City abandoned its attempts to take plaintiffs' Property, plaintiffs would be entitled to a judgment requiring the City to reimburse them for their attorney's fees and costs.

Page 7 -   **FIRST AMENDED COMPLAINT**

37.    On April 3, 2007, the Washington County Circuit Court entered a stipulated judgment, attached to this complaint as Exhibit "D" and incorporated herein.  The stipulated judgment states that the case would be reinstated, if the mediation was not successful, "without prejudice to either party's position as it existed at the time of dismissal, e.g., preserving the effective dates and proceedings as they existed at the time of dismissal, notwithstanding the actual date of any reinstated proceedings relating to the matters under dispute[.]"

**The Defendants' Bad Faith Conduct After The Dismissal of The Condemnation Case**

38.    After the dismissal of the Condemnation Action, defendant Michael J. Sykes, acting in the course and scope of his employment and on behalf of the City of Forest Grove, suggested to plaintiffs that, rather than mediating the dispute before Judge Gardner as mediator as the parties had agreed, that plaintiffs attempt to negotiate directly with City officials. Assuming that the City and the individual defendants would negotiate in good faith, plaintiffs agreed.

39.    As more specifically alleged below, beginning in May 2007 and continuing through and including December 2008, plaintiffs attempted in good faith to negotiate with the City and the individual defendants to arrive at an agreed upon sale price for the Haworths' sale of the Property to the City.

40.    During these discussions throughout 2007 and 2008, the City retained two separate consultants to assist the parties in the discussions.

41.    On or about July 23, 2008, plaintiffs met with defendants Mayor Richard G. Kidd, III, Council President Peter Truax, Finance Director Paul Downey, and City Manager Michael J. Sykes.  Plaintiffs attempted to negotiate a mutually acceptable resolution to the dispute between the City and plaintiffs.  Plaintiffs' attempt did not result in a mutually acceptable compromise.

42.    From July 2008 through September 2008, plaintiffs attempted on several occasions to resolve the dispute with the City of Forest Grove.  Plaintiffs' attempts were

Page 8 -    **FIRST AMENDED COMPLAINT**

unsuccessful.  In or about October 2008, defendant Michael J. Sykes sent plaintiffs a list of proposed deal terms.

43.      On or about November 12, 2008, plaintiffs met with defendant City Manager Michael J. Sykes to attempt to resolve the dispute.  Plaintiffs reminded defendant Sykes that any proposal by the City to plaintiffs would need to include reimbursement of their attorney's fees and costs.  Defendant Sykes told plaintiffs that he believed the City Council would not support such a request.  Based on the comments made by defendant Sykes, plaintiffs concluded that the City did not intend, through a negotiated agreement, to reimburse their attorney's fees and costs.

44.      On or about November 21, 2008, defendant Downey forwarded to plaintiffs a description of a possible resolution.  The description, however, did not indicate that the City Council had endorsed or authorized an agreement with plaintiffs on the terms described.  The description did not include a proposal that the City would pay plaintiffs their attorney's fees.

45.      By November 2008, plaintiffs had incurred more than $147,000 in attorney's fees defending their right to be paid just compensation by the City.

46.      In or about December 2008, realizing that defendants had no intention of addressing plaintiffs' now substantial attorney's fees and costs, plaintiffs stopped negotiating directly with the City and its representatives.  Instead, plaintiffs decided to seek redress in Washington County Circuit Court by initiating mediation before Judge Gardner and, if the mediation were not successful, by reinstating the Condemnation Action.

### The Haworths' Attempt To Enforce Their Rights In Court

47.      On or about January 23, 2009, through their counsel, plaintiffs asked Judge Gardner to assume the role of mediator in order to assist the parties to agree upon a mutually acceptable sale price for the Property.

48.      Six days later, on January 29, 2009, through its counsel, the City notified Judge Gardner that it refused to participate in mediation.

Page 9 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

49.      Despite the parties' earlier agreement to reinstate the case if mediation was unsuccessful, in order to permit plaintiffs to recover their attorney's fees and costs, the City refused to reinstate the Condemnation Action.  On information and belief, the City refused to reinstate the case for the purpose of interfering with plaintiffs' right of access to the courts and for the purpose of preventing plaintiffs from recovering their attorney's fees and costs.

50.      Under Oregon law, when a public body abandons an action to condemn property, the court is required to enter judgment in favor of the defendant (here, the Haworths) for costs and disbursements in the action and for reasonable attorney fees and reasonable expenses, including appraisal costs and expert costs.  Through its counsel, the City nonetheless argued in its submissions to the Washington County Circuit Court that plaintiffs were not entitled to recover their attorney's fees and reasonable expenses.

51.      Plaintiffs defended against this attempt by the City to prevent them from recovering their reasonable attorney's fees and reasonable expenses.  On February 23, 2009, through their attorneys, plaintiffs and the City appeared before Judge Gardner.  At that hearing, the City, through its attorney, stated that the City's condemnation action filed against the Haworths was an improper use of the City's eminent domain power.

52.      At the February 23, 2009 hearing, Judge Gardner found that the City's decision neither to participate in the mediation nor reinstate the Condemnation Action constituted an abandonment pursuant to ORS 35.335.  The court reinstated the Condemnation Action for the purpose of the Haworths submitting a petition for their attorney's fees, costs and disbursements.

53.      On or about June 17, 2009, plaintiffs obtained a judgment in their favor, and against the City of Forest Grove, in the amount of $185,844.92.  The City paid plaintiffs $185,844.92.

54.      On and after June 17, 2009, the City has taken no further action to acquire the Property.

Page 10 -  **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

55.     The City has not fully compensated plaintiffs for their damages and losses. Specifically, the City has not compensated plaintiffs for the diminished value of the Property, the lost rental revenue, or any economic losses sustained by plaintiffs as a result of the City's litigation and all defendants' conduct during the protracted negotiations.  Moreover, the City has not compensated plaintiffs for the stress, anxiety, and physical and emotional distress they suffered as the result of (a) the City's attempt to acquire plaintiffs' Property for park use, even though such a taking was not necessary, (b) defendants' conduct in unnecessarily subjecting plaintiffs to more than three years of costly (and, for the City, unsuccessful) litigation and fruitless negotiations, and (c) defendants' intentional and unwarranted interference with plaintiffs' right of access to the courts.

56.     As a result of defendants' conduct, plaintiffs have sustained economic damages in an amount not less than $394,316 and are further entitled to compensatory damages in an amount not less than $185,000, including but not limited to the following losses and damages:

(a)     Diminished value of the Property beginning in August 2005, through at least July 2009;

(b)     Out-of-pocket costs of not less than $55,316 incurred by plaintiffs to prepare the Property for planting in 2006;

(c)     Lost rental revenue resulting from plaintiffs' inability to rent the rental house on the Property while the City's condemnation action was threatened and pending;

(d)     Repair costs incurred by plaintiffs to repair damage to the rental house sustained during the time the City's condemnation action was threatened and pending;

(e)     Costs incurred by plaintiffs to replace a pole building and lean-to roof that were destroyed while the City's condemnation action was threatened and pending;

(f)     Repair costs incurred by plaintiffs to repair damage to a building sustained during the time the City's condemnation action was threatened and pending;

Page 11 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

(g)     Interest on the funds plaintiffs were required to spend on attorney's fees and professional fees because of the City's lawsuit against plaintiffs;

(h)     Plaintiffs' humiliation, embarrassment, damage to reputation, stress, anxiety, and physical and emotional distress;

(i)     Attorney's fees paid by plaintiffs to defend against the City's action in the City's condemnation case, to the extent not reimbursed by the City; and

(j)     Costs, disbursements, and expenses paid by plaintiffs to defend against the City's actions in the condemnation case, to the extent not reimbursed by the City.

## FIRST CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983: Right of Access to the Courts)

### (Against All Defendants)

57.     Plaintiffs reallege and incorporate paragraphs 1 through 55, above.

58.     At all relevant times, defendants were acting under color of law.

59.     At all times relevant to this complaint, plaintiffs had a clearly established constitutional right of access to the courts, guaranteed to them by the Fourteenth Amendment and the First Amendment to the U.S. Constitution.

60.     At all times relevant to this complaint, plaintiffs had a clearly established constitutional right, guaranteed to them by the Fourteenth Amendment and First Amendment to the U.S. Constitution, to participate in government. This right includes the constitutional right to attend hearings of local governing bodies and the constitutional right to participate in court proceedings, free from intimidation by government officials or other actions by government officials designed to curtail or prevent that participation.

61.     Defendants, and each of them, deprived plaintiffs of their constitutional rights by the conduct alleged in paragraphs 1 through 55, above, including, but not limited to, defendants' refusal to reinstate the condemnation case in an effort to prevent plaintiffs from seeking reimbursement of their attorney's fees and costs.

Page 12 - **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

62.    Because of defendants' acts, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

63.    If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

64.    Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983: Deprivation of Property Right Without Substantive and Procedural Due Process)**

**(Against All Defendants)**

65.    Plaintiffs reallege and incorporate paragraphs 1 through 63, above.

66.    At all relevant times, defendants were acting under color of law.

67.    At all times relevant to this complaint, plaintiffs had a clearly established constitutional right, guaranteed to them by the Fourteenth Amendment to the U.S. Constitution, not to be deprived by the government of their property interests without both substantive and procedural due process.

68.    Defendants, and each of them, deprived plaintiffs of their constitutional rights by the conduct alleged in paragraph 1 through 55, above, including, but not limited to:

(a)    The City of Forest Grove's arbitrary decision to acquire all 140 acres of plaintiffs' Property when there was no public need to do so;

(b)    Defendants' arbitrary decision to decline plaintiffs' offer to donate 70 acres of the Property to the City, and defendants' conduct in subsequently forcing plaintiffs to endure more than two and one-half years of litigation and negotiation, which culminated only in the City's decision to abandon its efforts to acquire the Property; and

Page 13 -  **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

(c)    Defendants' refusal to reinstate the condemnation case in an effort to prevent plaintiffs from seeking reimbursement of their attorney's fees and costs.

69.    Because of defendants' acts, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

70.    If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

71.    Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### THIRD CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983: Violation of the Fifth and Fourteenth Amendments)

### (Against All Defendants)

72.    Plaintiffs reallege and incorporate paragraphs 1 through 70, above.

73.    Defendants acted under color of law.

74.    Without acquiring plaintiffs' Property, the City of Forest Grove reduced the value of the Property by threatening a condemnation proceeding without proper legal authority, and by commencing litigation against plaintiffs in November 2005 without proper legal authority. Further, all defendants reduced the value of the Property by unreasonably delaying the resolution of the litigation until June 2009. Specifically, defendants reduced the value of the Property by engaging plaintiffs in protracted negotiations after the dismissal of the litigation and, subsequently, by refusing to participate in mediation and by otherwise failing to timely and expeditiously resolve the issues in dispute between the parties. The City of Forest Grove's threat of condemnation and subsequent litigation, and all defendants' subsequent conduct, as alleged in paragraphs 1 through 68, reduced the value of the Property by at least $125,000.

Page 14 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

75.     Defendants' acts constituted a taking and an appropriation of the Property for public purposes without payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

76.     As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

77.     If plaintiffs prevail on this claim for relief, they are entitled to their attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988.

78.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Business Advantage)

### (Against City of Forest Grove)

79.     Plaintiffs reallege and incorporate paragraphs 1 through 77, above.

80.     Plaintiffs had and have a valid business expectancy in the economically productive use of the Property, including but not limited to the expectancy of (a) renting the rental home on the Property to prospective tenants, (b) using the Property in plaintiffs' wholesale business to produce marketable plants and trees to sell to prospective customers, and (c) holding the property as an asset that could be sold to prospective purchasers.

81.     At all material times, defendants Richard G. Kidd, III, Peter Truax, Victoria Lowe, Ronald Thompson, Thomas Johnston, Elena Uhing, Camille Miller, Deena Barrett, Michael Sykes, and Paul Downey were acting within the course and scope of their offices or their employment.

82.     Defendants intentionally interfered with plaintiffs' valid business expectancy by threatening a condemnation proceeding without justification, commencing a condemnation

Page 15 - **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

proceeding without proper legal authority, engaging plaintiffs in protracted but fruitless negotiations, and ultimately attempting to prevent plaintiffs from access to the court so that plaintiffs could enforce their legal right to recover their reasonable attorney's fees and expenses.

83.     Defendants' actions were accomplished through improper means or for an improper purpose, including but not limited to the following:

(a)     The City's adoption of Resolution No. 2005-49, authorizing the City's intent to acquire all 140 acres of the Property, when there was no public necessity;

(b)     The City's refusal of plaintiffs' offer to donate 70 acres of the Property to the City;

(c)     Defendants' failure to negotiate in good faith with plaintiffs after the dismissal of the condemnation case;

(d)     Defendants' refusal to participate in mediation presided over by Judge Gardner;

(e)     Defendants' refusal to reinstate the condemnation case; and

(f)     Defendants' attempt to preclude plaintiffs from recovering their attorney's fees and expenses in the condemnation case.

84.     As a result of defendants' improper interference, from August 2005 through and including June 2009, while the condemnation action was threatened, was pending, and until final judgment was entered in June 2009, plaintiffs were unable to sell the Property to any prospective purchaser, were unable to rent the rental house to any prospective tenant, and were unable to put the Property to its highest and best use. Plaintiffs could not, and did not, use the Property in 2006 to produce marketable trees and plants to sell to prospective customers.

85.     Further, defendants' conduct caused plaintiffs humiliation, embarrassment, damage to reputation, stress, anxiety, and physical and emotional distress.

86.     As a result of defendants' improper interference, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

Page 16 -  **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

87.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

### FIFTH CLAIM FOR RELIEF

### (Inverse Condemnation: Oregon Constitution)

### (Against the City of Forest Grove)

88.     Plaintiffs reallege and incorporate paragraphs 1 through 86, above.

89.     Defendant City of Forest Grove, without condemning plaintiffs' Property, reduced the value of the Property by threatening a condemnation proceeding without proper legal authority, by commencing litigation in November 2005 without proper legal authority, and by unreasonably delaying the resolution of the litigation until June 2009. Specifically, defendant City of Forest Grove, without condemning plaintiffs' Property, reduced the value of the Property by engaging plaintiffs in protracted negotiations after the dismissal of the litigation and, subsequently, by refusing to participate in the mediation and by otherwise failing to timely and expeditiously resolve the issues in dispute between the parties. Defendant City of Forest Grove's threat of condemnation, and its subsequent conduct in the litigation, reduced value of the Property by at least $125,000.

90.     Defendant City of Forest Grove's acts constituted a taking and an appropriation of the Property for public purposes without payment of just compensation in violation of Article I, Section 18 of the Oregon Constitution.

91.     As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

92.     Pursuant to ORS 20.085, plaintiffs are entitled to their attorney's fees and costs.

93.     Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

/ / /

Page 17 - **FIRST AMENDED COMPLAINT**

One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

## SIXTH CLAIM FOR RELIEF

### (Nuisance)

### (Against City of Forest Grove)

94.      Plaintiffs reallege and incorporate paragraphs 1 through 92, above.

95.      At all material times, defendants were acting within the course and scope of their offices or their employment.

96.      Defendants' conduct, as alleged above, unreasonably invaded plaintiffs' interest in the use and enjoyment of the Property.

97.      At all material times, defendants' conduct was intentional, reckless or, at a minimum, negligent.

98.      As a result of defendants' actions, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

99.      Plaintiffs are further entitled to pre- and post-judgment interest at the rate of nine percent (9%) per annum.

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Initiation of Civil Proceedings)

### (Against City of Forest Grove)

100.     Plaintiffs reallege and incorporate paragraphs 1 though 99 above.

101.     The City of Forest Grove instituted the Condemnation Action without probable cause or any lawful basis, and with the intent to pressure plaintiffs into selling all of the Property to the City, even though there was no legal basis for the City to acquire all 140 acres of the Property.

102.     The Condemnation Action was terminated in plaintiffs' favor.

Page 18 -   **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\711549\1

103.    As a result of, among other things, the City of Forest Grove's wrongful initiation of the Condemnation Action, plaintiffs have sustained economic damages in an amount not less than $394,316 and are entitled to compensatory damages in an amount not less than $185,000, as alleged in detail in paragraph 55.

## DEMAND FOR JURY TRIAL

104.    Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

1.    On plaintiffs' first claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

2.    On plaintiffs' second claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

3.    On plaintiffs' third claim for relief against all defendants, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000, plus plaintiffs' attorney's fees, expert fees, and costs pursuant to 42 U.S.C. Section 1988;

4.    On plaintiffs' fourth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000;

5.    On plaintiffs' fifth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and

Page 19 -   **FIRST AMENDED COMPLAINT**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\711549\1

for compensatory damages in the amount of not less than $185,000, plus plaintiffs' attorney's fees and costs pursuant to ORS 20.085;

6.       On plaintiffs' sixth claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for their economic damages in an amount not less than $394,316, and for compensatory damages in the amount of not less than $185,000;

7.       On plaintiffs' seventh claim for relief against defendant City of Forest Grove, judgment in favor of plaintiffs for economic damages in an amount not less than $394,316 and for compensatory damages in an amount not less than $185,000;

8.       On all their claims, pre- and post-judgment interest;

9.       Plaintiffs' costs and disbursement incurred herein; and

10.      Such other relief as the Court deems just and equitable.


DATED:  June 29, 2010             Respectfully submitted,

                                        BALL JANIK LLP


                                  By:  s/ Colleen O'Shea Clarke
                                    LISA M. UMSCHEID, OSB No. 925718
                                    Colleen O'Shea Clarke, OSB No. 841949
                                    101 SW Main St., Ste. 1100
                                    Portland, OR  97204
                                    lumscheid@balljanik.com
                                    cclarke@balljanik.com
                                    503-228-2525
                                    503-226-3910 (fax)
                                      Attorneys for Plaintiffs Hally Haworth and
                                    Mary Haworth


Page 20 -  **FIRST AMENDED COMPLAINT**

::ODMA\PCDOCS\PORTLAND\711549\1