**Lisa M. Umscheid,** OSB No. 925718
lumscheid@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
503-228-2525
503-226-3910 (fax)
Attorneys for Plaintiffs Hally Haworth and
         Mary Haworth

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HALLY AND MARY HAWORTH,** | **Case No. CV09-1241 AC** |
| Plaintiffs, | **PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION** |
| v. | |
| **CITY OF FOREST GROVE,** a municipal subdivision of the State of Oregon; **RICHARD G. KIDD, III,** in his official capacity; **PETER TRUAX,** in his official capacity; **VICTORIA LOWE,** in her official capacity; **RONALD THOMPSON,** in his official capacity; **THOMAS JOHNSTON,** in his official capacity; **ELENA UHING,** in her official capacity; **CAMILLE MILLER,** in her official capacity; **DEENA BARRETT,** in her official capacity; **MICHAEL J. SYKES,** in his official capacity; **PAUL DOWNEY,** in his official capacity, | |
| Defendants. | |

BALL JANIK LLP
ONE MAIN PLACE
101 SOUTHWEST MAIN STREET, SUITE 1100
PORTLAND, OREGON  97204-3219
TELEPHONE 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

# TABLE OF CONTENTS

Page

I.  INTRODUCTION. ........................................................................................................ 1

II.  SUMMARY OF PLAINTIFFS' OBJECTIONS. ................................................................. 2

A.  Plaintiffs' Objection to the Magistrate's Decision Not to Rule on Objections to Defendants' Evidence. ............................................................................................. 2

B.  Plaintiffs' Objections to the Factual Findings and Legal Conclusions. .................. 2

C.  Plaintiffs' Objections to the Recommended Rulings on the Cross Motions. ......... 3

III.  LEGAL ARGUMENT. ................................................................................................ 3

A.  The Magistrate Erred By Failing to Strike Portions of Defendants' Evidence ...... 3

B.  The Magistrate Recommended Six Factual Findings That Are Not Supported by the Record. ............................................................................................................. 4

C.  The Magistrate Recommended Four Incorrect Legal Conclusions That Affect Multiple Recommended Rulings. ........................................................................... 8

1.  The Magistrate Incorrectly Concluded that this Court is not Bound By the Factual Finding in the State Court Judgment That the City Had No Objectively Reasonable Basis for Seeking All 140 Acres of the Haworths' Property. .................................................................................................... 8

2.  The Magistrate Did Not Give The Correct Weight to the City's Lawyers' Admissions In State Court that the City had no Proper Basis For Seeking to Acquire All 140 Acres of the Haworths' Property. .............................. 11

3.  The Magistrate Incorrectly Applied ORS 35.235's "Greatest Public Good and Least Private Injury" Standard In Determining that the City's Pre-Condemnation Process Was "Meaningful." ............................................. 12

4.  The Magistrate Erroneously Failed to Consider the Effect of the City Of Forest Grove's Violations of the Oregon Public Meetings Law ............... 14

D.  The Magistrate Erroneously Recommended Denial of Plaintiffs' Motion for Partial Summary Judgment on the Section 1983 Substantive Due Process Claim. .................................................................................................................. 15

E.  The Magistrate Erroneously Recommended Granting Three of the City's Motions for Summary Judgment. .......................................................................... 18

1.  The Magistrate Erroneously Recommended Granting the City's Motion for Summary Judgment on Plaintiffs' Intentional Interference with Prospective Business Advantage Claim .................................................. 18

2.  The Magistrate Incorrectly Recommended Granting the City's Motion for Summary Judgment on Plaintiffs' Nuisance Claim ................................. 20

3.  The Magistrate Incorrectly Recommended Granting the City's Motion for

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

Summary Judgment on the Haworths' Wrongful Initiation of Civil
Proceedings Claim. ................................................................................. 20

IV.    CONCLUSION. ............................................................................................. 22

PAGE ii -   TABLE OF CONTENTS

::ODMA\PCDOCS\PORTLAND\765792\2

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

# TABLE OF AUTHORITIES

## CASES

*Allen v. Hall*, 328 Or. 276, 974 P.2d 199 (1999) .........................................................16

*Chavez v. Boise Cascade Corp.*, 307 Or. 632, 772 P.2d 409 (1989) ...............................9

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ...................................................14

*Dodge v. Johnson,* 41 Fed. Appx. 138, 139 (9th Cir. July 12, 2002) .............................13

*Drews v. EBI Companies*, 795 P.2d 531, 310 Or. 134 (1990) .........................................8

*Halverson v. Skagit County*, 42 F.3d 1257 (9th Cir. 1994) ...........................................13

*Heller v. Ebb Auto Co.*, 774 P.2d 1089, 308 Or. 1 (1989) .............................................8

*Kawaoka v. The City of Arroyo Grande*, 17 F.3d 1227 (9th Cir. 1994), *cert. denied,* 513
     U.S. 870 (1994) .......................................................................................................13

*Lawrence v. Clackamas County*, 180 Or. App. 495, 43 P.3d 1192 (2002), *rev. denied,*
     334 Or. App. 327, 52 P.3d 435 .................................................................................7

*Migra v. Warren City Sch. Dist. Bd. Of Ed.*, 465 U.S. 75 (1984) ...................................7

*Tennison v. City & County of San Francisco*, 570 F.3d 1078 (9th Cir. 2009) ..........7, 14

*Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365, 283 Or. 201 (1978).............8, 17

## STATUTES

ORS 20.105(1) ..................................................................................................7, 8

ORS Chapter 35 .............................................................................................2, 9, 19

ORS 35.235(2) ..................................................................................10, 11, 12, 13, 15, 19

ORS 192.660 .......................................................................................................12

## MISCELLANEOUS

26 Am. Jur. 2d Eminent Domain § 31 (2011). ...........................................................11

PAGE i -   TABLE OF AUTHORITIES

BALL JANIK LLP
ONE MAIN PLACE
101 SOUTHWEST MAIN STREET, SUITE 1100
PORTLAND, OREGON 97204-3219
TELEPHONE 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

I.      **INTRODUCTION.**

This case arises from the City of Forest Grove's unfounded attempt to acquire, through the exercise of its power of eminent domain, all 140 acres of a farmland parcel owned by plaintiffs Hally and Mary Haworth. From beginning to end, the City's attempt was so badly handled by the City and its officials that Hon. Mark Gardner, Washington County Circuit Court Judge, included a finding in the final state court judgment that the City's litigation against the Haworths was objectively unreasonable and was based on the "improper and unjustified use of [the City's] eminent domain authority." *See* Declaration of Lisa Umscheid (hereinafter "Ums. Decl."), Ex. 1. The City's attempt to acquire the Haworths' property began in August 2005, and dragged on until June 16, 2009. *See* Plaintiffs' Concise Statement of Material Facts ("Pls' Concise St."), ¶¶ 11, 55. It involved violations by the City and its officials of fundamental precepts of eminent domain law, public meetings law, the rules of discovery in state court, and common sense principles of fair dealing. In the state court condemnation action, the City's own lawyer admitted that "there was no public purpose of the taking *of that amount* [e.g., all 140 acres] of land." Ums. Decl., ¶ 21, Ex. 19, pp. 7:21-8:1. Nonetheless, the Haworths were forced to endure almost four years of delays and interruption in their business caused by the City and its officials. The Haworths hereby incorporate the factual statement contained in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment on Liability (hereinafter "Plaintiffs' Memorandum") for the full description of the conduct by the City and its officials.

The parties filed cross motions for summary judgment. The Haworths sought partial summary judgment, on liability only, against the City and defendants Richard G. Kidd, III and Michael J. Sykes on the federal civil rights claims for violation of the right of access to the courts, due process, and unconstitutional taking. The Haworths also sought partial summary judgment against the City of Forest Grove on plaintiffs' claims for intentional interference with

PAGE 1 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

prospective business advantage, inverse condemnation, and nuisance.  The defendants filed cross motions.

The Haworths object to the U.S. Magistrate Judge John Acosta's Findings and Recommendation as described below.

## II.   SUMMARY OF PLAINTIFFS' OBJECTIONS.

The Haworths object to the Magistrate's decision not to rule on the Haworths' objections to defendants' evidence, to six factual conclusions and to four legal conclusions that permeate the Magistrate's analysis.  The Haworths identify and discuss those objections first, and then discuss their specific objections to four of the Magistrate's recommended rulings.

### A.   Plaintiffs' Objection to the Magistrate's Decision Not to Rule on Objections to Defendants' Evidence.

Plaintiffs object to the Magistrate's decision not to rule on plaintiffs' objections to specific portions of defendants' evidence.  *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, pp. 2-4.

### B.   Plaintiffs' Objections to the Factual Findings and Legal Conclusions.

The Haworths object to the following factual conclusions: (1) that the City engaged in a "meaningful" analysis before it sought to condemn the Haworths' property; (2) that the City's Community Development Director gave the condemnation action a sixty percent chance of success; (3) that the City did not interfere in the Haworths' use of their 140 acre parcel; (4) that the City offered the Haworths $2.2 or $2.3 million after the dismissal of the condemnation case; (5) that the Haworths' own lawyer in the condemnation action conceded that there was some possibility the City might prevail in the condemnation action it filed; and (6) that there is no genuine issue of fact that the Haworths knew immediately after the condemnation action was dismissed that the City was not going to pursue its attempt to acquire all 140 acres.

The Haworths object to the following legal conclusions: (1) that this Court is not bound by the factual finding in the Oregon state court judgment that the City had no objectively

PAGE 2 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

reasonable basis for the condemnation action; (2) that the City is not bound by its own lawyers' admissions in the condemnation action that the City had no proper basis for seeking to acquire all 140 acres of the Haworths' land; and (3) that the City councilors' pre-condemnation conversation in executive session complied with the requirements of ORS Chapter 35.  The Haworths also object to the Magistrate's omission from the legal analysis of any discussion of the effect of the City's violation of the Oregon Public Meetings Law.

> ### C.    Plaintiffs' Objections to the Recommended Rulings on the Cross Motions.

The Haworths object to the Magistrate's recommendation that this Court deny their motion for partial summary judgment on their substantive due process claim.[1]  The Haworths also object to the Magistrate's recommendation that this Court grant the City's motions for summary judgment against plaintiffs' claims for intentional interference with prospective business advantage, nuisance, and wrongful initiation of civil proceedings.

## III.    LEGAL ARGUMENT.

> ### A.    The Magistrate Erred By Failing to Strike Portions of Defendants' Evidence.

The Magistrate erroneously failed to rule on plaintiffs' objections to defendants' evidence.  Plaintiffs objected to paragraphs 4 and 5 in the Declaration of Michael J. Sykes.  *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, pp. 2-3. In addition, plaintiffs objected to the trial testimony of Mayor Richard Kidd, to the extent the defendants offered it as direct evidence that the City's condemnation action was well-founded, was a routine use of eminent domain power, and was not undertaken improperly.  *Id.,* p. 3. Plaintiffs stated their objections in their opposition memorandum, as permitted by L.R. 56-1(g).

---

[1] The Haworths also alleged, and sought partial summary judgment on, a civil rights claim for deprivation of their right of access to the courts.  The Magistrate recommended granting defendants' motion for summary judgment on this claim.  If this Court were to grant all defendants' motions for summary judgment, resulting in the Haworths' loss of their claims against these defendants, then the Haworths should be permitted to proceed with their civil rights claim for deprivation of their right of access to the courts because, in the event of summary judgment granted in defendants' favor, the Haworths will have suffered a harm that can only be redressed by the access to courts claim.

PAGE 3 -    PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

The Magistrate did not rule on plaintiffs' objections, but may have erroneously considered some of this evidence to support the finding that the City's pre-condemnation process was "meaningful." *See* F&R, p.20.  As discussed below, <u>all</u> the City's so-called analysis in support of the attempt to acquire the Haworths' 140-acre parcel occurred in the executive session.  *See* Ums. Decl., Ex. 6.  Now that the audiotape of that session has finally been produced by defendants, it is crystal clear that the City conducted no factual analysis at all during that session.  Indeed, the City councilors never once discussed the components of the applicable standard under Oregon law—that the taking be required by public necessity, and that the City's proposed use "will be most compatible with the greatest public good and the least private injury."  *See* ORS 35.235(2).  In further support of their objection, plaintiffs incorporate the legal arguments set forth in their Memorandum in Opposition to Defendants' Motion for Summary Judgment at pages 2-4.

### B.    The Magistrate Recommended Six Factual Findings That Are Not Supported by the Record.

The Magistrate erroneously recommended six factual findings that are not supported by the record.  The Haworths discuss these six errors here, initially, because these six errors affect the Magistrate's recommended rulings.

First, the Magistrate incorrectly concluded that "there is uncontroverted evidence that the City engaged in *meaningful*, though potentially flawed, process prior to exercising its power of eminent domain."  F&R, p. 20 (emphasis added).  This finding is not supported by the record.  To the contrary, it is undisputed that the <u>only</u> analysis performed by the City was the informal conversation among City councilors during an executive session.  *See* Pls' Concise St., ¶¶ 17-20; Plaintiffs' Response to Defendants' Concise Statement of Material Facts (hereinafter "Pls' Response"), ¶ 6.  It is undisputed that the City and its officials never undertook any land-use planning, economic, or other factual analysis whatsoever related to the hypothetical public need

PAGE 4 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

for the Haworths' 140 acres. *Id.* There is not even one single city document setting forth any analysis of the public necessity for the City acquiring all 140 acres of the Haworths' property. In fact, despite the City's claimed reliance on the executive session as the point where the condemnation analysis occurred, such a discussion never happened. Oregon law standards are clear and rigorous under ORS Chapter 35. The "discussion" wasn't merely flawed, it was meaningless because the relevant statutory standards were never addressed. That utter lack of actual analysis is why Hon. Mark Gardner, Washington County Circuit Court Judge, took the unusual step of including a factual finding in the state court judgment that the City's condemnation action was objectively unreasonable. *See* Ums. Decl., Ex. 1.

Second, the Magistrate incorrectly construed the City of Forest Grove Community Development Director Jon Holan's memorandum as giving the condemnation action "a sixty-percent chance of success." F&R, p. 35. That recommended finding is not supported by the record, and it lends unwarranted credence to the City's condemnation action. In fact, Mr. Holan's memorandum stated that there was only a 60 percent chance that the Haworths' property, even if it ever were acquired by the City, could be used as park land. *See* Pls' Response, ¶ 1.

Third, the Magistrate incorrectly concluded that "there is no evidence that the City directly prevented the Haworths from the use and enjoyment of their property." F&R, p. 29. In addition to allowing a cloud to linger for almost four years over the title to the property, the City also, through its lawyer, expressly directed the Haworths not to plant crops on their property until the condemnation action was decided. Supplemental Declaration of Hally Haworth, ¶ 9; *see also* Pls' Response, ¶ 12.

Fourth, the Magistrate incorrectly concluded that the City offered the Haworths $2.2 or $2.3 million for their property during the post-dismissal "mediation" phase of the condemnation action, which dragged on from December 2006 until the case was ultimately dismissed in June 2009. F&R, p. 9 (*citing* Lerner Aff., Ex. A at 195:19-196:1). In fact, it is undisputed that the

PAGE 5 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

City never gave the Haworths an offer to purchase their property, until the City's ultimate proposal to acquire only approximately 50 acres of the property and to require the Haworths to bear all their own attorney's fees and costs. *See* Pls' Response, ¶ 17.

Fifth, the Magistrate incorrectly interpreted a statement by the Haworths' counsel in the condemnation action as a statement of the Haworths' (rather than Judge Gardner's) opinion. Specifically, the Magistrate found:

> At a June 1, 2009 hearing, counsel for the Haworths stated: "I think the City has made enough of a case that some of this property could be taken. Now, whether it was properly done in this case or not, I'm reserving judgment."

F&R, p. 10 (citing Lerner Aff., Ex. G at 13:21-25). The Magistrate's opinion appears to conclude erroneously that this statement was a statement of the Haworths' counsel's own opinion that there was some reasonable basis for the City's condemnation action, rather than the Haworths' attorney paraphrasing Judge Gardner. In fact, the Lerner Affidavit, Exhibit G, includes only the following selective quotation from comments made by Jack Orchard, the Haworths' counsel in the condemnation action:

> At the time, what you [Judge Gardner] said to the Haworths was, Mr. and Mrs. Haworth, the City has a right to take some of the property. You need to understand that. I think the City has made enough of a case that some of this property could be taken. Now whether it could be done in this case or not, I'm reserving judgment. But you have to understand that.

Lerner Aff., Ex. G, p. 13:19-25. Significantly, the defendants omit from their submission into the record the remainder of Mr. Orchard's remarks. Mr. Orchard concluded his paraphrasing of Judge Gardner by repeating Judge Gardner's remarks to the City:

> The City, *there is not a ghost of a chance that you can take all 140 acres.* And that's where you made your comment that if this had been a prize fight, they would have stopped it.

Ums. Decl., Ex. 19, p. 14:1-4 (emphasis added). The Magistrate appears to have not understood the fatal flaw in the City's condemnation action: the City sought to acquire all 140 acres of the Haworths' property (not some lesser portion that it could, in some future theoretical condemnation action based upon a proper factual analysis, seek to acquire). That overreaching

PAGE 6 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

attempt to take all 140 acres, premised as it was on <u>no</u> showing of <u>any</u> public necessity, resulted in Judge Gardner specifically finding that the City's condemnation case was objectively unreasonable. *See* Ums. Decl., Ex. 1.

Sixth, and finally, the Magistrate appears to have incorrectly concluded that there is no genuine issue of fact that the Haworths knew (or, perhaps, should have known) immediately after the condemnation case was dismissed that the City was not going to pursue its condemnation case. In the Magistrate's statement of facts, the Magistrate writes:

> And, at the hearing on the current motion, Defendants' counsel stated that, at the time of the dismissal, it was clear to both sides that Defendants would not prevail on their condemnation action and, thus, Defendants' decision not to reinstate should not have come as a surprise to the Haworths.

F&R, p. 9. That conclusion is not supported by the record. In fact, it is undisputed that the Haworths had no idea that, at a minimum, Michael Sykes and Peter Truax had decided (but did not disclose), very soon after December 2006, that the City would not reinstate the condemnation action. *See* Pls' Concise St., ¶ 45. Further, any conclusion by the Magistrate that the Haworths should have somehow divined the City's secret intentions is belied by the City's lawyer's extended efforts to ensure that the City retained, in the judgment of dismissal, the right to reinstate the case. *See* Supplemental Declaration of Jack L. Orchard, ¶¶ 6-9. If it was somehow obvious to the Haworths that the City was not going to return to circuit court to attempt again to acquire the Haworths' property, why did its lawyer fight so hard to retain the right to return to court? Furthermore, the Washington County Circuit Court was not informed of the City's decision to forego its right to reinstate the case until two full years after its supposed decision to litigate no more. Pls' Concise St., ¶ 51.

PAGE 7 - PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

Ball Janik LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

**C.    The Magistrate Recommended Four Incorrect Legal Conclusions That Affect Multiple Recommended Rulings.**

      **1.    The Magistrate Incorrectly Concluded that this Court is not Bound By the Factual Finding in the State Court Judgment That the City Had No Objectively Reasonable Basis for Seeking All 140 Acres of the Haworths' Property.**

      The Magistrate construed too narrowly the Haworths' argument about the effect of the Washington County Circuit Court judgment.  As a result, the Magistrate erroneously recommended that the Court rule _only_ that the state court judgment does not, on its own, support partial summary judgment in plaintiffs' favor on the Section 1983 substantive due process claim. _See_ F&R, pp. 12-15.  The Haworths, however, did not argue only that partial summary judgment should be granted solely on the basis of the City's adjudicated, objectively unreasonable conduct. The Haworths also argued that the substantive due process claim is based on the "cumulative effect of the defendants' entire handling of the condemnation action."  Plaintiffs' Opposition Mem., p. 16.  The preclusive effect of the finding in the Washington County Circuit Court judgment is relevant to the Court's assessment of whether the defendants acted so unreasonably that no reasonable juror, at trial, could find otherwise.  The preclusive effect of the state court judgment is also relevant to the Haworths' claims for intentional interference with prospective business advantage and wrongful initiation of civil proceedings, both of which the Magistrate recommended be dismissed in response to the City's motions for summary judgment.

      The state court judgment conclusively determines that the City of Forest Grove acted objectively unreasonably in beginning and continuing a condemnation action that sought to condemn all 140 acres of the Haworths' property.  _See_ ORS 20.105(1).  This Court must apply Oregon law to determine whether Judge Gardner's finding in the Washington County Circuit Court has preclusive effect.  _Migra v. Warren City Sch. Dist. Bd. Of Ed.,_ 465 U.S. 75, 84 (1984) (law of forum state must be applied by federal court to determine whether to give preclusive effect to a state court judgment).  Under Oregon law, issue preclusion applies when five requirements are satisfied:

PAGE 8 -   PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

Ball Janik llp
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

(1) The issue in the two proceedings must be identical.  (2) The issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding.  (3) The party sought to be precluded had a full and fair opportunity to be heard.  (4) The party sought to be precluded was a party or was in privity with a party in the prior proceeding.  (5) The prior proceeding was the type of proceeding to which a court will give preclusive effect.

*Lawrence v. Clackamas County,* 180 Or. App. 495, 503, 43 P.3d 1192, *rev. denied,* 334 Or. App. 327, 52 P.3d 435 (2002).  The Magistrate erroneously recommended that this Court hold that the state court judgment should not have preclusive effect for three reasons: (1) the reasonableness of the City's conduct is not identical to the issue before this Court, F&R, p. 14; (2) the reasonableness of the City's conduct was not litigated before the state court, F&R, p. 14; and (3) the City had no opportunity to be fully and fairly heard on this issue, F&R, p. 15.  Each of these recommended rulings is erroneous.

First, the objective unreasonableness of the City's conduct *is* identical to an issue before this Court.  Whether the City and the individual defendants are liable for violating the Haworths' substantive due process rights turns on whether the City's conduct constitutes a level of abuse of power that shocks the conscience, a standard that can be satisfied, when the government actors have had sufficient opportunity to deliberate about their actions, by a showing of deliberate indifference.  *Tennison v. City & County of San Francisco,* 570 F.3d 1078, 1089 (9th Cir. 2009).  The fact that an Oregon state court judgment has conclusively determined that the City's condemnation case was objectively unreasonable—indeed, conduct justifying the extraordinary sanction of an award of attorney's fees under ORS 20.105—is relevant to the issue of whether the City acted with deliberate indifference to the rights of the Haworths.  Stated differently, the jury in *this* case could not reach a verdict predicated on a factual finding that the City acted reasonably in preparing for, filing, and prosecuting the condemnation action.  Moreover, the City acted with improper means, and could be liable for intentional interference with the Haworths' prospective economic advantage, if it filed and prosecuted unfounded litigation.  *See Top Service Body Shop, Inc. v. Allstate Ins. Co.,* 582 P.2d 1365, 1371 n. 11, 283 Or. 201, 210 n. 11 (1978)

PAGE 9 -    PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

(unfounded litigation is commonly included among improper means).  An Oregon state court has already adjudicated the objective unreasonableness of the City's conduct.  It need not be determined again by a federal court jury.

Second, the Magistrate erroneously concluded that the issue of the unreasonableness of the City's condemnation action was "not litigated before the state court."  F&R, p. 14.  An issue is actually litigated when it is litigated to a final judgment.  *Drews v. EBI Companies,* 795 P.2d 531, 535, 310 Or. 134, 139 (1990) ("[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive") (quoting *Restatement (Second) of Judgments* § 27).  The finality component of the analysis is satisfied when the resolution of the issue is on the face of the judgment.  *Heller v. Ebb Auto Co.,* 774 P.2d 1089, 1093, 308 Or. 1, 5 (1989) ("express findings and conclusions after a full hearing involving an essential and disputed issue would be entitled to preclusive effect").  Here, Judge Gardner expressly found, and included in the judgment, a finding that the City was objectively unreasonable in its filing and prosecution of the condemnation action.  Ums. Decl., Ex.1.  The finding, therefore, satisfies the requirement that the issue be litigated before the state court.

Third, the Magistrate erroneously recommended that this Court find that the City had no full opportunity to be fully and fairly heard on the issue of the unreasonableness of its conduct.  A party has a full opportunity to be heard if the party had an incentive to litigate the issue and the record in the adjudicatory proceeding is subject to judicial review.  *Chavez v. Boise Cascade Corp.,* 307 Or. 632, 634, 772 P.2d 409, 410-11 (1989) (preclusive effect applies "if the parties had both a full opportunity and the incentive to contest the point at issue on a record that was also subject to judicial review").  Here, the City of Forest Grove had an incentive to litigate the issue of its liability for the Haworths' attorney's fees and, in fact, did litigate the issue.  The City, through its counsel, appeared before the Court at hearings on February 23, 2009 and June 1, 2009, and the parties submitted briefs.  *See* Pls' Concise St., ¶¶ 51-54; *see also* Ums. Decl., Ex. 9, pp. 4-5 (state court docket).  The Magistrate appears to have concluded that because the trial

PAGE 10 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

on the merits did not conclude in findings on the question of the value of the Haworths' property, the question of the City's basis for the condemnation was not fully litigated. This conclusion is not supported by any legal rule. To the contrary, the condemnation did, in fact, come to a natural conclusion: via an adjudicated abandonment pursuant to ORS Chapter 35.

This Court should conclude that the finding in the Washington County Circuit Court judgment that the City acted unreasonably has preclusive effect.

> **2.      The Magistrate Did Not Give The Correct Weight to the City's Lawyers' Admissions In State Court that the City had no Proper Basis For Seeking to Acquire All 140 Acres of the Haworths' Property.**

The Magistrate correctly concluded that the City's lawyers' voluntary admissions in state court "may qualify as admissions as to the propriety of the condemnation action," F&R, p. 15, but the Magistrate stopped short of giving these admissions the proper weight. It is undisputed that the City's lawyers voluntarily admitted the City did not have a proper basis to seek to acquire *all* 140 acres of the Haworths' property. Specifically, at a hearing on June 1, 2009, the City's counsel admitted that "there was no public purpose of the taking *of that amount of land."* Ums. Decl., ¶ 21, Ex. 19, pp. 7:21-8:1 (emphasis supplied). That admission echoed an earlier one: On February 23, 2009, the City's counsel informed the state court that the attempted condemnation "was not an appropriate use of the eminent domain policy." Ums. Decl., ¶ 19, Ex. 17, p. 12:5-9.

The Magistrate reasoned only that these statements "may" qualify as admissions. F&R, p. 15. In fact, these statements are admissions, and they provide ample support for the Haworths' motion for partial summary judgment on the substantive due process claim and, further, require denial of the City's motion for summary judgment on the intentional interference with prospective business advantage, nuisance, and wrongful initiation of civil proceedings claims. It is undisputed that these lawyers were representing the City at the time the statements were made. The second statement—that the City had "no public purpose" to take "that amount

PAGE 11 - PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

[*e.g.*, *all 140 acres*] of land" is particularly significant because it contradicts the Magistrate's recommended findings that the City's pre-condemnation process was "meaningful" (although potentially flawed).

This Court should find that the defendants are bound by the City's admissions that the City's condemnation action was not an appropriate use of the eminent domain power and that there was "no public purpose" (in the words of the City's attorney) for the taking of all 140 acres of the Haworths' property.

>    **3.    The Magistrate Incorrectly Applied ORS 35.235's "Greatest Public Good and Least Private Injury" Standard In Determining that the City's Pre-Condemnation Process Was "Meaningful."**

The Magistrate failed to correctly apply the standard required by Oregon law to the City's pre-condemnation "analysis." As a result, the Magistrate erroneously concluded that the City engaged in a "meaningful" process before exercising its power of eminent domain. *See* F&R, p. 20. Although the Magistrate also observed that the process was "potentially flawed," *id.,* the Magistrate's recommended finding that the City's process was "meaningful" is incorrect under Oregon law. The City's process was not only far less than meaningful, but it resulted in a condemnation attempt that was adjudicated as unreasonable.

Specifically, under Oregon law, a government with the power to acquire real property must conduct very specific factual analyses *before* that government may exercise its power. Specifically, the condemner must declare by ordinance or resolution the public necessity for the taking. The statute contains precise factual predicates. ORS 35.235(2) provides:

>    The resolution or ordinance of a public condemner is presumptive evidence of the public necessity of the proposed use, that the property is necessary therefore and that the proposed use, improvement or project is planned or located in a manner which will be most compatible with the greatest public good and least private injury.

ORS 35.235(2). The ORS 35.235(2) standard presupposes that a condemning government will engage in actual fact-gathering and analysis. "An expropriating agency abuses its discretion when it acts in bad faith, without adequate determining principles, without reason, or when it

PAGE 12 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

fails to consider the availability of alternate sites, costs, environmental factors, long-range area planning, and safety considerations." 26 Am. Jur. 2d Eminent Domain § 31 (2011). Here, it is undisputed that the City did none of these things.

The Magistrate erroneously recommended a finding that the City's pre-condemnation process was "meaningful" (although potentially flawed). A conclusion that the City's process was "meaningful" is not supported by the record in this case. It is undisputed that the City's witnesses at the condemnation trial admitted that the City's "analysis" occurred during the closed executive session. *See* Pls' Response, ¶ 6. It is undisputed that the City did not consider other possible sites. *Id.* It is undisputed that the City did not even consider whether it would even be able to use the Haworths' 140 acres as park land until <u>after</u> it adopted its resolution, and even then the City's own Community Development Director opined that there was only a sixty percent chance that the City could achieve the land use changes necessary to use the Haworths' property as parkland. *See* Pls' Concise St., ¶ 21. There is no evidence that the City considered the cost of acquiring the Haworths' 140 acres, versus the cost of acquiring substitute parcels. *See* Pls' Response, ¶ 6. Simply put, it is undisputed that the "analysis" that City officials told Judge Gardner had occurred was nothing more than a conversational, informal discussion among City councilors in closed executive session, nothing more. *See* Ums. Decl., Ex. 6; Pls' Response, ¶ 6. The lack of any factual or economic analysis related in any way to the City's attempt to take all 140 acres of the Haworths' property is the reason Judge Gardner found that the City's condemnation action was objectively unreasonable. *See* Ums. Decl., Ex. 1.

The Magistrate's recommended finding that the City's pre-condemnation process was in some way "meaningful" is not supported by the record. This recommended finding, if rejected by this Court, affects the analysis of the Haworths' motion for partial summary judgment on the substantive due process claim, as well as the City's motion for summary judgment on plaintiffs' claims for intentional interference with prospective business advantage, nuisance, and wrongful initiation of civil proceedings, all discussed in more detail below.

PAGE 13 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

**4.     The Magistrate Erroneously Failed to Consider the Effect of the City Of Forest Grove's Violations of the Oregon Public Meetings Law.**

The Magistrate erroneously failed to consider in the Findings and Recommendation the City's undisputed violation of the Oregon Public Meetings Law.  Oregon law does not permit a quorum of a governing body to meet in executive session to reach the findings required by ORS 35.235.  Specifically, a quorum of a governing body must deliberate in a properly noticed public meeting unless ORS 192.660 permits an executive session.  Oregon law does not permit an executive session for a governing body's deliberations on whether public necessity justifies the government's exercise of its condemnation power.  *See* ORS 192.660.  It is undisputed that the City conducted its so-called "deliberations" in an improper executive session, and then City witnesses relied, at the condemnation trial, on those so-called deliberations as the basis for the condemnation.  *See* Ums. Decl., Ex. 14 (testimony of Richard Kidd of alleged discussions during executive session); *cf.* Ums. Decl., Ex. 6 (transcription of actual discussion at executive session).  It is also undisputed that the City failed to produce to the Haworths the audiotapes of the executive sessions.  *See* Pls' Concise St., ¶ 27.  When the defendants produced the audiotapes in this case, the Haworths learned for the first time that the city officials had only an informal conversation about taking the Haworths' property.  It is undisputed that no factual, economic, or land-use planning analysis was presented or considered during the executive sessions.  *See* Ums. Decl., Ex. 6.

The Magistrate's Findings and Recommendation erroneously fail to incorporate into the Recommendation the City's undisputed violation of the Oregon Public Meetings Law.  The City's active concealment of its lack of the pre-condemnation analysis required by ORS 35.235(2) is relevant to the Haworths' substantive due process claim, intentional interference claim, and wrongful use of civil proceedings claim, as discussed further below.

PAGE 14 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

**D.     The Magistrate Erroneously Recommended Denial of Plaintiffs' Motion for Partial Summary Judgment on the Section 1983 Substantive Due Process Claim.**

This Court should reject the Magistrate's recommendation that the Court deny plaintiffs' motion for partial summary judgment on the substantive due process claim.  This Court should grant partial summary judgment in plaintiffs' favor on this claim.  The Magistrate applied the incorrect legal standard.  Moreover, the Magistrate also failed to consider, in the application of that standard, key undisputed facts in the record.  No reasonable juror could conclude that the defendants did not violate the Haworths' constitutional rights.

First, the Magistrate erroneously applied the standard used by courts to review legislative actions that do not involve fundamental rights.  *See* F&R, p. 18.  The Magistrate erroneously relied on *Dodge v. Johnson,* 41 Fed. Appx. 138, 139 (9th Cir. July 12, 2002); *Halverson v. Skagit County,* 42 F.3d 1257, 1261 (9th Cir. 1994); and *Kawaoka v. The City of Arroyo Grande,* 17 F.3d 1227 (9th Cir. 1994), *cert. denied,* 513 U.S. 870 (1994).  These cases, however, are inapposite.  These cases apply the higher standard of review when a citizen with a purely economic right challenges a legislative act.  *See Dodge,* 41 Fed. Appx. at 139 (citizen alleged right to engage in a real estate transaction; "[l]egislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a 'clear showing of arbitrariness or irrationality'") (citing *Kawaoka,* 17 F.3d at 1234); *Halverson,* 42 F.3d at 1262 (plaintiffs' challenge of county's decision not to compensate the plaintiffs before flooding their property through operation of a system of levees and dikes required plaintiffs to "demonstrate the irrational nature of the County's actions by showing that the County 'could have had no legitimate reason for its decision'") (*quoting Kawaoka,* 17 F.3d at 1234); *Kawaoka,* 17 F.3d at 1234 (plaintiffs who sought to challenge city's comprehensive land use plan or temporary water moratorium required to show the city's actions were "'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare'").

PAGE 15 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

In contrast, courts that review allegedly abusive executive action that touches on fundamental rights apply a "shocks the conscience" standard. *See, e.g., County of Sacramento v. Lewis,* 523 U.S. 833, 847 (1998) ("for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience"). Further, when the executive actor has time to deliberate, conduct that shows a reckless indifference to the citizen's constitutional rights will satisfy the "shocks the conscience" standard. *Tennison v. City and County of San Francisco,* 570 F.3d 1078, 1089 (9th Cir. 2009).

The Magistrate erred by applying the higher "arbitrary and irrational" standard that applies in legislative review cases. Here, the Haworths described in their motion for partial summary judgment a pattern of abusive executive conduct that implicated property rights *as well as* their rights to petition the government (for example, the City's unlawful executive sessions) and their First Amendment right of access to the courts (for example, the City's deliberate presentation of misleading testimony that the City fully analyzed the proposed condemnation in executive session, a contention that was untrue).[2] *See* Ums. Decl., Ex. 14. The right of access to the courts is a fundamental right, yet the defendants failed to produce the executive session audiotapes when ordered to do so, and then, after the case was dismissed to allow the parties to mediate, failed to timely tell the Haworths that the City never intended to reinstate the case— leaving the threat of continued litigation to hang over the Haworths. *See* Pls' Concise St., ¶ 27. All these components form the basis of the Haworths' substantive due process claim. The Magistrate erred by not applying the deliberate indifference standard.

Whether this Court applies the "arbitrary or irrational" standard or the deliberate indifference standard, there is no reason for a trial on liability on the Haworths' substantive due process claim. The Magistrate erroneously failed to give proper weight to the following:

---

[2] Defendants may complain that the Haworths' complaint did not identify the City officials' conduct in court and during the executive session as bases for the substantive due process claim, but that is only because the Haworths did not know until discovery in this case how much Mayor Kidd and Michael Syke's courtroom description of the executive session diverged from the <u>actual</u> conversation during the executive session.

PAGE 16 - PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

(1)      An Oregon state court judgment has already conclusively determined that the City

acted objectively unreasonably in attempting to acquire all 140 acres of the Haworths' property.

*See* Ums. Dec., Ex. 1.

(2)      It is undisputed that the City's own lawyer admitted in court that "there was no

public purpose of the taking *of that amount of land,"* referring to the City's attempt to acquire all

140 acres of the Haworths' property.  Ums. Decl., ¶ 21, Ex. 19, pp. 7:21-8:1 (emphasis added).

(3)      It is undisputed that the City violated the Oregon Public Meetings Law by

discussing, in closed, executive session, the purported analysis that justified the City's attempt to

acquire all 140 acres of the Haworths' property.

(4)      It is undisputed that the City never considered alternative parcels, never

considered alternative methods of satisfying the City's purported parks needs, and never

considered whether the City's attempt to acquire all 140 acres of the Haworths' property posed

"the least private injury," as required by ORS 35.235.  *See* Ums. Decl., Ex. 6.  Despite those

omissions, Mayor Kidd testified in the condemnation trial that the City had, in fact, conducted

that analysis.  Ums. Dec., Ex. 14; Pls' Concise St., ¶¶ 32-33.

(5)      It is undisputed that the defendants never told the Haworths until September 2008

that the City would not return to court, although City officials now admit that the City never

intended to reinstate the condemnation action.  *See* Pls' Concise St., ¶ 45.

In light of these undisputed facts, no reasonable juror could conclude that the defendants'

actions were not arbitrary or irrational or, alternatively, did not shock the conscience.  At every

step throughout the ordeal from 2005 through June 2009, the defendants utterly disregarded the

Haworths' constitutional rights, presumably to avoid the political implications of having to

abandon the ill-fated condemnation effort and pay the Haworths their attorney's fees and expert

costs.  There is no need for a jury to reconsider all these undisputed facts on the Haworths'

substantive due process claim.

PAGE 17 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

E.    **The Magistrate Erroneously Recommended Granting Three of the City's Motions for Summary Judgment.**

     1.    **The Magistrate Erroneously Recommended Granting the City's Motion for Summary Judgment on Plaintiffs' Intentional Interference with Prospective Business Advantage Claim.**

The Magistrate incorrectly recommended granting the City's motion for summary judgment on plaintiffs' claim for intentional interference with prospective business advantage. The Magistrate's recommendation is based on two erroneous, and related, conclusions: (1) the Haworths failed to show a protected prospective business advantage, F&R, p. 31; and (2) the Haworths failed to establish that defendants were third parties to a protected relationship or prospective advantage, F&R, p. 32. This Court should deny the City's motion for summary judgment on this claim.[3]

The Magistrate incorrectly construed too narrowly the scope of interests protected by the tort of intentional interference with prospective business advantage. The Magistrate erred by focusing on the incorrect relationship. The Magistrate concluded that "the court is not persuaded that *the Haworths' relationship with their property* is a 'business relationship' as contemplated by this cause of action." F&R, p. 31 (emphasis added). The relevant relationship for this analysis is the Haworths' prospective business advantage or, stated differently, their relationship with their current and prospective customers. Oregon law is clear: prospective business advantage is protected by the tort. *See Allen v. Hall,* 328 Or. 276, 280, 974 P.2d 199, 202 (1999) (plaintiff in a tortious in interference claim must show "the existence of a professional or business relationship (which could include, e.g., a contract *or a prospective economic advantage*)") (emphasis supplied). A plaintiff's relationship with prospective customers is protected and, in fact, derives from the historical basis for the tort. As the Oregon Supreme Court observed:

---

[3] The Haworths also disagree with the Magistrate's recommended denial of plaintiffs' motion for partial summary judgment on this claim, but do not—in the interest of streamlining the issues before this Court—formally object to that recommendation.

PAGE 18 - PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

Tort claims for wrongful interference with the economic relationships of another have an ancient lineage. Their history has been traced from interference with members of another's household in Roman law or with his tenants in English law, with his workmen after the 1349 Ordinance of Labourers, *with prospective* workmen or *customers*, with existing contracts for personal services, and with contracts generally, to contemporary forms not dependent on the existence of a contract.

*Top Service Body Shop v. Allstate Ins. Co.,* 283 Or. 201, 204, 582 P.2d 1365, 1371, n. 11, 283 Or. 201, 210 n. 11 (1978) (emphasis added; internal citations omitted).

Here, the Haworths demonstrated a prospective economic advantage. It is undisputed that the Haworths operate a commercial nursery, that they purchased the subject property to grow trees to sell to their customers, and that the City knew that the Haworths purchased the property to grow trees to sell to their customers. *See* Pls' Concise St., ¶¶ 15-16. The Haworths' interest in conducting business with their prospective customers is protected under Oregon law. The defendants were aware of that interest, *see id.*, yet nevertheless interfered with the Haworths' ability to use their property in their business by, among other acts, initiating unfounded litigation.

The Magistrate also erroneously found that the Haworths failed to demonstrate that the defendants were a "third party" to a protected relationship. The Magistrate concluded that the "Haworths failed to establish a relationship, with respect to the first element, and therefore cannot establish that Defendants were third parties to a relationship." F&R, p. 32. This conclusion is correct, however, only if the tort of intentional interference is construed narrowly to require an <u>existing</u> relationship. The tort also protects prospective business relationships, including relationships with prospective customers. The Haworths demonstrated a genuine factual issue with respect to their protected prospective business advantage. *See* Pls' Response, ¶ 25. Accordingly, this Court should deny the City's motion for summary judgment on the Haworths' claim for tortious interference with prospective business advantage.

PAGE 19 - PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

> **2.    The Magistrate Incorrectly Recommended Granting the City's Motion for Summary Judgment on Plaintiffs' Nuisance Claim.**

The Magistrate erroneously recommended granting the City's motion for summary judgment on plaintiffs' nuisance claim.  *See* F&R, p. 34.  The Magistrate correctly noted that, essentially, "a nuisance caused by governmental action is analyzed as a taking under the doctrine of inverse condemnation."  F&R, p. 33.  The Magistrate correctly found that, on the inverse condemnation claim, the defendants "failed to establish, as a matter of law, that the City did *not* act unreasonably or in bad faith."  F&R, p. 29 (emphasis in original).  The Magistrate found:

> There is at least a genuine issue of material fact as to whether Defendants' conduct with regard to condemnation of the Haworths' property was lawful and, thus, Defendants' motion for summary judgment on this [federal takings and state inverse condemnation claim] should also be denied.

F&R, p. 29.  As the Magistrate noted, this analysis applies, also, to the City's motion for summary judgment on plaintiffs' nuisance claim.  This Court should, therefore, deny the City's motion for summary judgment on the nuisance claim.

> **3.    The Magistrate Incorrectly Recommended Granting the City's Motion for Summary Judgment on the Haworths' Wrongful Initiation of Civil Proceedings Claim.**

The Magistrate erroneously concluded that the Haworths did not create a genuine issue of material fact on the required element of malice, and therefore recommended that this Court grant the City's motion for summary judgment on plaintiffs' claim for wrongful initiation of civil proceedings.  *See* F&R, p. 36.

The Magistrate identified the correct statement of the relevant element of the tort.  The Haworths must demonstrate a disputed factual issue with regard to the "existence of malice or as it is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim."  F&R, p. 34 (*quoting Portland Trailer & Equipment, Inc. v. A-1 Freeman Moving & Storage, Inc.,* 182 Or. App. 347, 351 (2002)).  The Magistrate, however, incorrectly applied the standard to the record in this case.

The Magistrate erred in two respects.  First, the Magistrate appears to have concluded

PAGE 20 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

that as long as the City can argue that it had any basis for seeking to condemn *some* of the Haworths' property, it had "enough" of a proper basis for exercising its condemnation power, and the Haworths cannot demonstrate a genuine issue of fact that the City acted with malice in seeking to acquire *all* 140 acres.  That assumption is based on the incorrect premise that a government is required by Oregon law to show only some vague need to acquire <u>some</u> of a citizen's property in order to attempt to acquire it <u>all</u>.  That premise is wrong.  It ignores the specific standard imposed on governments by ORS Chapter 35.  Specifically, a government must demonstrate "the public necessity of <u>the</u> proposed use, that <u>the</u> property is necessary therefor and that <u>the</u> proposed use, improvement or project is planned or located in a manner which will be most compatible with the greatest public good and the least private injury."  ORS 35.235(2) (emphasis supplied).  Here, it is undisputed that the City never demonstrated that its acquisition of *all* 140 acres of the Haworths' property was required by public necessity, or that its "use" (which the City never actually identified in any real way) would be most compatible with the greatest public good and the least private injury.  *See* Ums. Decl., Ex. 6.  There is, at a minimum, a disputed factual question about why the City attempted to acquire *all* the Haworths' property when it never conducted the analysis required by ORS 35.235(2).  Moreover, the record is replete with evidence submitted by the Haworths that the defendants acted with "a primary purpose other than that of securing an adjudication" of the City's claim to acquire all 140 acres, including the personal animosity that Michael Sykes appears to have had toward Hally Haworth.  *See* Pls' Response, ¶ 27.  A reasonable juror could find the City acted with malice in light of (a) the City's failure to conduct the analysis required by ORS 35.235(2) and (b) the circumstantial evidence in the record of the defendants' motives for seeking to take the Haworths' property.

Second, in the analysis of whether the City had a primary purpose other than securing an adjudication of the condemnation claim, the Magistrate failed to give proper significance to the Oregon state court judgment.  As discussed above, an Oregon state court has already determined that the City had no objectively reasonable basis for seeking to acquire the Haworths' *entire*

PAGE 21 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

parcel.  *See* Ums. Decl., Ex. 1.  This adjudicated fact—either alone or in combination with the other undisputed evidence in the record—is sufficient to create a genuine issue of material fact justifying the denial of the City's summary judgment motion.

**IV.**     **CONCLUSION**.

This Court should reject the Magistrate's recommendations with regard to plaintiffs' motion for partial summary judgment on plaintiffs' claim for violation of their substantive due process rights (the second claim for relief).  In light of the adjudicated unreasonableness of the City's conduct in the condemnation action, the City's lawyers' admission that the City had no proper purpose to try to acquire all 140 acres of the Haworths property, the City's misuse of the executive session, the defendants' conduct at trial and after the trial (including, but not limited to, the defendants' failure to immediately disclose to the Haworths' the City's decision not to return to court), no reasonable juror could conclude that the defendants did not violate the Haworths' substantive due process rights.

This Court should also reject the Magistrate's recommendations with regard to the City's motions for summary judgment on plaintiffs' claims for intentional interference with prospective business advantage, nuisance, and wrongful initiation of civil proceedings.

DATED:  May 3rd, 2011                    BALL JANIK LLP


                                         By: /s/ Lisa M. Umscheid
                                              Lisa M. Umscheid, OSB No. 925718
                                              101 SW Main Street, Suite 1100
                                              Portland, Oregon  97204-3219
                                              lumscheid@balljanik.com
                                              503-228-2525
                                              503-226-3910 (fax)
                                              Attorneys for Plaintiffs Hally Haworth and
                                              Mary Haworth


PAGE 22 -  PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon  97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **PLAINTIFFS'**

**OBJECTIONS TO FINDINGS AND RECOMMENDATION** by:

☒ U.S. POSTAL SERVICE;
☐ FACSIMILE SERVICE;
☐ ELECTRONIC MAIL;
☐ ARRANGING FOR HAND DELIVERY;
☐ FEDERAL EXPRESS.

addressed to the following named attorney at his last known address on the date stated below:

Richard J. Kuhn, OSB No. 812850
Hoffman, Hart & Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR  97205
503-222-4499
503-222-2301 (fax)
rjk@hhw.com

DATED:  May 3rd, 2011           BALL JANIK LLP


By: /s/ Lisa M. Umscheid
         Lisa M. Umscheid, OSB No. 925718
         101 SW Main Street, Suite 1100
         Portland, Oregon  97204-3219
         lumscheid@balljanik.com
         503-228-2525
         Attorneys for Plaintiffs Hally and Mary
         Haworth

PAGE 1 -   CERTIFICATE OF SERVICE

BALL JANIK LLP
ONE MAIN PLACE
101 SOUTHWEST MAIN STREET, SUITE 1100
PORTLAND, OREGON  97204-3219
TELEPHONE 503-228-2525

::ODMA\PCDOCS\PORTLAND\765792\2