**Richard J. Kuhn**
OSB No. 812850
E-mail: rjk@hhw.com
HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for Defendants</u>

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

HALLY AND MARY HAWORTH

   Plaintiffs,

  v.

CITY OF FOREST GROVE, a municipal
subdivision of the State of Oregon; RICHARD
G. KIDD, III, in his official capacity; PETER
TRUAX, in his official capacity; VICTORIA
LOWE, in her official capacity; RONALD
THOMPSON, in his official capacity;
THOMAS JOHNSTON, in his official
capacity; ELENA UHING, in her official
capacity; CAMILLE MILLER, in her official
capacity; DEENA BARRETT, in her official
capacity; MICHAEL J. SYKES, in his official
capacity; PAUL DOWNEY, in his official
capacity

   Defendants.

No. 3:09-CV-1241-AC

DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

Oral Argument Requested

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.    STANDARD OF REVIEW.....................................................................................2

III.   RESPONSES .........................................................................................................2

      A.     Responses to Plaintiffs' Evidentiary Objections. ......................................2

            1.     Paragraph 6 of the Sykes Declaration is Admissible...................2

            2.     Paragraph 4 of the Sykes Declaration is Admissible...................3

            3.     The Trial Testimony of Mayor Kidd is Admissible. ....................3

      B.     Responses to Plaintiffs' Objections to the Magistrate's Factual Findings. ............4

            1.     Finding at page 20. .....................................................................4

            2.     Finding at page 35. .....................................................................5

             3.     Finding at page 29. .....................................................................5

             4.     Finding at page 9. .......................................................................6

             5.     Finding at page 10. .....................................................................6

             6.     Finding at page 9. .......................................................................7

      C.     Responses to Plaintiffs' Objections to the Magistrate's Conclusions of Law........7

            1.     The Magistrate Properly Denied Plaintiffs' Issue Preclusion Argument. ....................................................................................7

            2.     The Magistrate Properly Rejected Plaintiffs' Attempt to Remove Statements from the City's Attorneys from Context. ...................8

            3.     Plaintiffs' Reliance on O.R.S. 35.235 is Misplaced. ...................9

            4.     The Magistrate Properly Disregarded Plaintiffs' Arguments Based on Alleged Violations of Public Meetings Law. ...........................10

      D.     Response to Plaintiffs' Objections to the Magistrate's Denial of Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Due Process Claim...........11

DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**

E.    Response to Plaintiffs' Objections to the Magistrate's Decision to Grant Summary Judgment on the Tort Claims Brought under State Law..........................13

    1.    The Magistrate Properly Granted Defendants' Summary Judgment Motion on the Intentional Interference Claim. ...........................................13

    2.    The Magistrate Properly Granted Defendants' Summary Judgment Motion on Plaintiffs' Private Nuisance Claim. .........................................15

    3.    The Magistrate Properly Granted Defendants' Summary Judgment Motion on Plaintiffs' Wrongful Initiation of Civil Proceedings Claim ......................................................................................................16

IV.    CONCLUSION .............................................................................................17

**HOFFMAN, HART & WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

# TABLE OF AUTHORITIES

## AMENDMENTS, RULES AND STATUTES

28 U.S.C. § 636(b)(1) ................................................................................................ 2

F.R.C.P. 72(b)(3) ...................................................................................................... 2

F.R.E. 602 ................................................................................................................. 3

F.R.E. 701 ................................................................................................................. 3

F.R.E. 801 ................................................................................................................. 3

F.R.E. 802 ................................................................................................................. 3

O.R.S. 192.660(2)(e) .............................................................................................. 10

O.R.S. 35.235 ........................................................................................................... 9

O.R.S. 35.235(2) ....................................................................................................... 9

O.R.S. 35.235(3) ....................................................................................................... 9

O.R.S. 35.235(4) ....................................................................................................... 9

O.R.S. 660(2)(h) ..................................................................................................... 10

## CASES

*Brady v. Maryland,*
373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ............................................. 12

*Fifth Avenue Corp. v. Washington Co.,*
282 Or. 591, 581 P.2d 50 (1978) ..................................................................... 10, 17

*Halverson v. Skagit County,*
42 F.3d 1257 (9th Cir. 1994) ........................................................................... 13, 14

*Johnson v. Oregon Dept. of Fish and Wildlife,*
114 Or. App. 335, 835 P.2d 133 (1992) ............................................................... 16

*Mantia v. Hanson,*
190 Or. App. 412, 79 P.3d 404 (2003) ................................................................. 16

DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

*North Pac. Lumber Co. v. Moore,*
   275 Or. 359, 551 P.2d 431 (1976) ...................................................................16

*Portland Trailer & Equipment, Inc. v. A-i Freeman Moving & Storage, Inc.,*
   182 Or. App. 347, 49 P.3d 803 (2002) ............................................................18

*Samson v. City of Bainbridge Island,*
   683 F.Supp.2d 1164 (W.D.Wash. 2010) .........................................................13

*Tennison v. City and County of San Francisco,*
   570 F.3d 1078, 1089 (9th Cir. 2009) .........................................................11, 12

*Thompson v. Telephone & Data Systems, Inc.,*
   130 Or. App. 302, 881 P.2d 819 (1994) ..........................................................15

*Top Service Body Shop v. Allstate Ins. Co.,*
   283 Or. 201, 582 P.2d 1365 (1978) ...........................................................15, 16

*United States v. Raddatz,*
   447 U.S. 667 (1980) .........................................................................................2

*United States v. Reyna-Tapia,*
   328 F.3d 1114 (9th Cir. 2003) ..........................................................................2

*Wedges/Ledges of California, Inc. v. City of Phoenix,*
   24 F.3d 56 (9th Cir. 1994) .............................................................................13

DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## I.    **INTRODUCTION**

This case arises from the initiation and abandonment of condemnation proceedings. Plaintiffs seek to convert the City of Forest Grove's unsuccessful condemnation action into five claims for relief,[1] despite already recovering statutory "abandonment" damages in the previous condemnation action.

On summary judgment before Magistrate Judge Acosta, Defendants focused on Plaintiffs' continuous, unfettered occupation and use of their property throughout the pendency of the condemnation.    Because Plaintiffs cannot identify an interference with their property that is capable of supporting any cause of action asserted, Defendants argued, and continue to argue, that they are entitled to summary judgment on all of Plaintiffs' claims against them.

To this point, Plaintiffs have largely ignored the actual impact of the condemnation on their property, and instead focused on the City's decision to initiate the condemnation action itself. While there can be little dispute in this case that the City wanted to acquire the property to address its needs for additional recreational space, Plaintiffs have made a variety of arguments that characterize the condemnation action as wrongful.    In doing so, Plaintiffs have also gone to great lengths to ignore the City's legitimate intentions.    Further, Plaintiffs have neglected the substantial number of both Oregon and federal cases holding that the initiation of a condemnation action is privileged, even when it is unsuccessful or abandoned.

Now, Plaintiffs object to several of the magistrate's findings and conclusions.    Plaintiffs make these objections, because the magistrate did not recognize their extreme characterizations of Defendants' statements and conduct during the condemnation process.    Plaintiffs also object to the magistrate's refusal to bind Defendants based on individual statements, which had no connection to

---

[1]    Plaintiffs plead seven claims for relief.  However, Magistrate Judge John Acosta found that Defendants are entitled to summary judgment on Plaintiffs' federal claims for "denial of access to courts" and "procedural due process," and Plaintiffs raise no objection to those findings and recommendations.

Page 1 –    DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**

the legitimacy of Plaintiffs' claims in this action.   As set forth below, Plaintiffs' objections lack

merit, and should not preclude this court from granting Defendants summary judgment on all of

Plaintiffs' claims.

## II.     STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court

must review de novo those portions to which the objections are made.   *United States v. Raddatz*,

447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

(en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations

de novo if objection is made, but not otherwise."); 28 U.S.C. § 636(b)(1).   The district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    RESPONSES

Pursuant to F.R.C.P. 72(b)(3), Defendants respond to Plaintiffs' Objections to Magistrate

Judge John Acosta's Findings and Recommendation as follows:

### A.     Responses to Plaintiffs' Evidentiary Objections.

Plaintiffs object to Magistrate Judge Acosta's Findings and Recommendation, because the

findings did not address the three evidentiary objections Plaintiffs raised in their response brief on

summary judgment. (Pls.' Obj. to F. & R., pp. 2-4.)  Because these objections were raised in

Plaintiffs' response and Plaintiffs objected to the filing of reply briefs, Defendants did not have the

opportunity to address Plaintiffs' objections in the briefing that was presented to the magistrate.

Regardless, as explained further below, Plaintiffs' objections were not well-founded and should not

preclude Defendants from receiving summary judgment on any claim.

#### 1.     Paragraph 6 of the Sykes Declaration is Admissible.

Plaintiffs objected to Michael Sykes's declaration testimony that the City staff and

council believed that the City needed 140 acres for recreational purposes. (Sykes Decl. ¶ 6.)

Page 2 –     DEFENDANTS' RESPONSE TO
             PLAINTIFFS' OBJECTIONS TO THE
             MAGISTRATE'S FINDINGS AND
             RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

First, this testimony is admissible, because it is based on Sykes's first-hand knowledge as City Manager. F.R.E. 602. Plaintiffs remaining objections are neither contradictory, nor a basis for exclusion. (Pls.' M.S.J. Resp., p. 2.) The accuracy of Sykes's testimony is supported by the August 16, 2005 executive session minutes. (*See, e.g.*: Kuhn Aff., Ex. B, p. 11:13-18, p. 13:1-25, p. 25:18-25, p. 30:1-18.)

### 2.    Paragraph 4 of the Sykes Declaration is Admissible.

Plaintiffs objected to Sykes's declaration statement: "We believed that the additional parks could not only accommodate the needs of the growing population, but also potentially attract regional tourism." (Pls.' M.S.J. Resp., p. 3) (objecting to Sykes Decl. ¶ 4). As stated above, Sykes is City Manager and makes the statement based on his own first-hand knowledge, therefore paragraph 4 is admissible. His testimony is also consistent with the August 16, 2005 executive session minutes, which Plaintiffs attached as Exhibit 6 to the Declaration of Lisa M. Umscheid. (*See, e.g.*: Ums. Decl., p. 13:1-25, p. 17:11 – p. 18:6, p. 18:11-18, p. 29:22 – p. 30:24.)

### 3.    The Trial Testimony of Mayor Kidd is Admissible.

Plaintiffs objected to statements made by Mayor Richard Kidd during the underlying condemnation action based on hearsay rules. F.R.E. 801, 802. However, Mayor Kidd's testimony was given in court, under oath and subject to cross-examination by Plaintiffs' counsel. Therefore it is admissible testimony that is not subject to hearsay exclusion. Further, the testimony by Mayor Kidd contained in Exhibit D to the Lerner Affidavit consists of statements that were based on first-hand knowledge, or present relevant opinion testimony. F.R.E. 602, F.R.E. 701. Therefore the testimony is admissible.

In addition, Plaintiffs failed to identify specific testimony from Mayor Kidd in Exhibit D containing out-of-court statements by other City Councilors. Therefore Plaintiffs' objection is not capable of response. Further, Plaintiffs' citations to other statements made during the August

Page 3 –    DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**

16, 2005 executive session do not contradict Mayor Kidd's testimony, and do not create a basis for exclusion.

**B.** **Responses to Plaintiffs' Objections to the Magistrate's Factual Findings.**

Plaintiffs object to six of the Magistrate's Findings of Fact. However, the findings at issue are supported by the record, and Plaintiffs' arguments are based on their own characterizations and unsupported conclusions, which are not consistent with the evidence that was before the magistrate.

**1.** **Finding at page 20.**

First, Plaintiffs take issue with the magistrate's statement that "there is uncontroverted evidence that the City engaged in meaningful, though potentially flawed, process prior to exercising its power of eminent domain." (F. & R., p. 20.) Plaintiffs object to characterizing the pre-condemnation process as "meaningful." (Pls.' Obj., p. 4.) However, Plaintiffs' objection to the magistrate's finding lacks merit, as the evidence speaks for itself.

During the City's August 16, 2005 executive session, the City Council discussed the City's need for additional parks and open space. (Kuhn Aff., Ex. B, pp. 11:6-17, 13:2 - 14:18, 17:11 - 18:18, 25:18-25, 29:6 - 30:18, 37:2-20.) The City Council discussed the City's expanding population, and the growing demand for additional ball fields. (Kuhn Aff., Ex. B, pp. 29:6 - 30:18.) The Council further discussed the need to acquire 31.61 acres of additional park space, and 81.13 acres of open space by 2010 under the City Master Plan (Kuhn Aff., Ex. B, pp. 13:2 - 14:18); the efficiency of obtaining the park space from a single owner (Kuhn Aff., Ex. B, pp. 14:13 - 15:22, 17:11 - 18:18); and the belief that there was no more land inside the urban growth boundary that satisfied the City's park needs (Kuhn Aff., Ex. B, pp. 17:11 - 18:18). Mayor Kidd stated that the Zurcher property was one of the last chances to obtain property that satisfied the City's future park needs. (*Id.*)

While the City's process may have ultimately been flawed and undercut the City's ability to successfully acquire the entire Zurcher property, the executive session minutes show that the City

Page 4 –    DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Council was genuinely concerned about the community's need for additional recreational and open space, and viewed the acquisition of Plaintiffs' property as the best, most efficient method to satisfy those needs.

### 2.    Finding at page 35.

Second, Plaintiffs make a confusing objection to the magistrate's finding, which actually went in Plaintiffs' favor. Specifically, the magistrate found an issue of fact as to whether the City subjectively believed that the condemnation action would be successful based on a memorandum by its Community Development Director Jon Holan. (F. & R., p. 35.) The magistrate understood the memorandum to mean that Holan "gave the condemnation action a sixty-percent chance of success." (*Id.*) Meanwhile, Plaintiffs contend that Holan's memorandum meant that there was a sixty percent chance the property could be used for parks. (Pls.' Obj. to F. & R., p. 5.) Both are incorrect.

While Holan was addressing the use of the land, rather than the likelihood that the condemnation would be successful, Plaintiffs have taken his statement out of context. Holan stated: "it is estimated that there is a 60 percent chance of developing the park *as envisioned above*." (Umscheid Decl., Ex. 16, p. 9) (emphasis added). Holan was specifically addressing whether the City would be able to develop *all* of the recreational facilities that the City Council had considered for the property. In the same memorandum, Holan observed that the City would be able to develop recreational trails, passive recreation, and open play fields under Washington County Code. (Umscheid Decl., Ex. 16, p. 7.) If anything, this shows that the City's intentions for the property were for a legitimate public purpose, which supports Defendants' entitlement to summary judgment on all claims.

### 3.    Finding at page 29.

Third, Plaintiffs challenge the magistrate's finding that "there is no evidence that the City directly prevented [Plaintiffs] from the use and enjoyment of their property." (F. & R., p. 29.)

Page 5 –    DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

However, this is not a genuine dispute. Plaintiffs had exclusive possession and control of their property at all times. The City advised Plaintiffs to plant whatever crops they wanted. (Lerner Aff., Ex. A, pp. 93:18-94:8.) Plaintiffs had access to counsel. (Kuhn Aff., Ex. A, p. 189:4-18.) Plaintiff Hally Haworth admitted planting crops every year during the pendency of the condemnation action, and renting a portion of the property beginning in 2006. (Lerner Aff., Ex. A, pp. 89:3 - 93:17, 104:15-24.)

### 4.    Finding at page 9.

Fourth, Plaintiffs object to the magistrate's finding that the City offered Plaintiffs $2.2 Million for the entire parcel. (Pls.' Obj. to F. & R., p. 5.) Plaintiffs' objection seems to be based in part on the timing of the offer. However, this contention does not impact the analysis of any claim. The City offered Plaintiffs $1.9 million for the property, before initiating the condemnation action, which is $350,000 more than Plaintiffs had just paid to purchase it. (Defs.' C.S.M.F. ¶ 5.) After the condemnation action was dismissed, and Plaintiffs rejected the City's proposal for a smaller portion of the property, the City offered Plaintiffs at least $2.2 million. (Lerner Aff. Ex. A, p. 195:19 – p. 196:20.) Hally Haworth testified that he rejected the offer, and made no counter-offer because he simply "did not want to sell the property." (*Id.*) This is the same period during which Plaintiffs allege that the City clouded their title, even though the property was not for sale.

### 5.    Finding at page 10.

Fifth, Plaintiffs object where the findings attribute a statement by Judge Gardner to Plaintiffs' counsel. (F. & R., p. 10.) Defendants do not dispute that it was Judge Gardner, rather than Plaintiffs' counsel, who stated that the City made enough of a case to take some, but not all of Plaintiffs' property.[2] (Lerner Aff., Ex. G at 13:21-25.) While Plaintiffs emphasize that Judge Gardner also indicated that the City could not successfully condemn the entire property, this does

---

[2]    Plaintiffs' counsel made similar statements in their own briefing while seeking abandonment damages. (Kuhn Aff., Ex. D, p. 4) (acknowledging that the City could justify condemning a portion of Plaintiffs' property).

Page 6 –    DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

not support any of their claims. If anything, the City's ability to show public necessity for some, but not all, of Plaintiffs' property shows that Plaintiffs' entire lawsuit is premised on a technical deficiency in a condemnation action, rather than abuse of Plaintiffs' rights or exercise of bad faith.

### 6.  Finding at page 9.

Finally, Plaintiffs object to the magistrate's statement that "it was clear to both sides that Defendants would not prevail on their condemnation action and, thus, Defendants' decision not to reinstate should not have come as a surprise to [Plaintiffs]." (F. & R., p. 9.) Oddly enough, Plaintiffs make this objection immediately after emphasizing that Judge Gardner told the parties during the condemnation trial that the City could not successfully condemn the entire property. (Pls. Obj. to F. & R., pp. 6-7.) Accordingly, Plaintiffs' objection lacks merit.

The condemnation action was dismissed at the end of 2006. Hally Haworth testified that he felt comfortable planting all crops once the condemnation was dismissed because Judge Gardner told him he would retain the property. (Lerner Aff., Ex. A, pp.101:17 – 102:9, 104:15-24.) After the dismissal of the condemnation action, Plaintiffs would only negotiate over the same flood plain property that Plaintiffs originally offered to sell the City in August 2005. (Lerner Aff. Ex. A, p. 195:19 – p. 196:20.) Meanwhile, Plaintiffs rejected the City's various offers, unconcerned with the threat of future condemnation. In light of these facts, there can be no genuine dispute that Plaintiffs were not under the threat of condemnation after the condemnation action was dismissed in 2006.

### C.  Responses to Plaintiffs' Objections to the Magistrate's Conclusions of Law.

Plaintiffs object to four of the magistrate's legal conclusions. However, Plaintiffs' objections lack merit, and do not preclude summary judgment for Defendants on any claim, let alone the denial of Plaintiffs' motion for partial summary judgment.

### 1.  The Magistrate Properly Denied Plaintiffs' Issue Preclusion Argument.

Plaintiffs contend that the general judgment on Plaintiffs' claim for abandonment damages determines Defendants' liability for multiple claims under an issue preclusion theory.

Page 7 –   DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

Defendants addressed Plaintiffs' issue preclusion argument in the underlying response brief. (Defs.' M.P.S.J. Resp., pp. 10-11, 19-22.) There, Defendants pointed out that the issues and arguments that were before the circuit court all addressed whether Plaintiffs were entitled to recover fees for the abandonment of a condemnation action, and had no connection to any of the issues that are being decided in this action. (Defs.' M.P.S.J. Resp., pp. 19-21)(citing Defs.' Resp. C.S.M.F., ¶ 58, Kuhn Aff., Ex. C, & Lerner Aff., Ex. J).

The magistrate thoroughly discussed Plaintiffs' issue preclusion argument, and correctly found that Plaintiffs failed to satisfy several of the required elements. (F. & R., pp. 11-15.) Plaintiffs fail to identify any valid basis to call the magistrate's finding into question, and once again demonstrate that their arguments in this action are largely premised on taking statements out of context in order to turn a failed condemnation action into something more significant. Plaintiffs' issue preclusion argument has no merit, and should have no bearing on Defendants' entitlement to summary judgment on any claim.

> ### 2.   The Magistrate Properly Rejected Plaintiffs' Attempt to Remove Statements from the City's Attorneys from Context.

Next, Plaintiffs argue that two statements uttered by city attorneys during hearings on Plaintiffs' quest for abandonment damages bind the City in this action. (Pls.' Obj. to F. & R., pp. 11-12.) However, as explained in Defendants' summary judgment response, neither statement was directly relevant to the issues that are now before the court, nor do they suggest that the City's conduct violated Plaintiffs' constitutional rights or was improper under Oregon tort law. (Defs.' M.P.S.J. Response, pp. 10, 22.) The magistrate agreed, finding no binding or preclusive effect. (F. & R., p. 15.)

By relying on these statements, Plaintiffs essentially argue that the failure to satisfy the Condemnation Act's public necessity requirement for every acre of land amounts to a per se due process violation. However, that is not the legal standard for substantive due process claims, or any other claim at issue in this case. The city attorney comments do not contradict the fact that the City

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

had a legitimate public purpose to pursue condemnation, which was neither arbitrary nor unreasonable – that purpose was to satisfy the City's growing need for parks and open green space. (Kuhn Aff., Ex. B, p. 13:2-25); (Defs.' Resp. C.S.M.F. ¶¶ 42, 43).   Accordingly, Plaintiffs' attempt to bind Defendants has no merit.

### 3.       Plaintiffs' Reliance on O.R.S. 35.235 is Misplaced.

Plaintiffs additionally argue that the magistrate failed to apply O.R.S. 35.235(2)[3], when finding that Defendants engaged in meaningful, though potentially flawed pre-condemnation analysis. (Pls. Obj. to F. & R., pp. 11-13.) This argument also lacks merit.  The statute that Plaintiffs rely on goes on to state that "[t]he commencement of an action to condemn property by a private property condemner creates a *disputable* presumption of the necessity of the proposed use, that the property is necessary therefor [sic], and that the proposed use *** is planned or located in a manner that will be most compatible with the greatest public good and the least private injury." O.R.S. 35.235(3) (emphasis and alterations added).  The question of the validity of those disputable presumptions, if raised, is determined by the court in a summary proceeding prior to trial.  O.R.S. 35.235(4).

Plaintiffs' reliance on the statutory presumptions in O.R.S. 35.235 once again illustrates Plaintiffs' attempt to transmute an unsuccessful condemnation into a cause of action.  As stated above, the failure to establish public necessity in a condemnation action does not violate Plaintiffs' constitutional rights, or result in tort.  Otherwise, government bodies would face a tremendous risk any time they exercised their eminent domain authority.  This is precisely why the Oregon Supreme

---

[3]       O.R.S. 35.235(2) states:

> The resolution or ordinance of a public condemner is presumptive evidence of the public necessity of the proposed use, that the property is necessary therefor and that the proposed use, improvement or project is planned or located in a manner which will be most compatible with the greatest public good and the least private injury.

Page 9 –       DEFENDANTS' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO THE
MAGISTRATE'S FINDINGS AND
RECOMMENDATION

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**

Court has recognized that "mere plotting and planning does not, in itself, amount to an invasion of property or deprive the owner of his use and enjoyment thereof[,]" and that "the threat of condemnation is one of the conditions upon which an owner holds property." *Fifth Avenue Corp. v. Washington Co.,* 282 Or. 591, 610, 581 P.2d 50 (1978*).*

Regardless, there is uncontroverted evidence that that the City had identified the Zurcher property as an ideal location for recreational use before Plaintiffs even purchased it. (Defs.' M.S.J. C.S.M.F. ¶ 1.) Further, before deciding to pursue condemnation, the Council recognized a specific need for recreational and open space under its master plan, and believed that the Zurcher property might be the last chance to satisfy those needs. (Defs.' Resp. C.S.M.F. ¶¶ 42, 43, 45, 47, 48.) Therefore, the magistrate had an ample factual basis to conclude that the City engaged in a meaningful pre-condemnation analysis.

### 4.    The Magistrate Properly Disregarded Plaintiffs' Arguments Based on Alleged Violations of Public Meetings Law.

Plaintiffs contend that their rights were somehow violated, because the City Council discussed condemnation in executive session. (Pls.' Obj. To F. & R., p. 14.) Plaintiffs do not support this argument with any legal authority. (*Id.*) As Defendants explained in the underlying response brief, the City Council's deliberations in executive session were proper under both O.R.S. 192.660(2)(e) and 660(2)(h). (Defs.' M.P.S.J. Resp., p. 6.)

Plaintiffs also complain that the City did not initially produce the executive session tapes during the condemnation action. (Pls.' Obj. To F. & R., p. 14.) This argument was addressed in Defendants' underlying response. (Defs.' M.P.S.J. Resp., p. 7.) There, Defendants explained that the tapes were not specifically requested until trial, and the case was dismissed without prejudice the following day. (Defs.' Resp. C.S.M.F., ¶¶ 15, 16.) Plaintiffs did not seek to acquire the tapes again until filing this action, where the tapes were produced despite their status as privileged attorney

---

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

client communications.  Therefore, Plaintiffs' argument lends no credence to any of their claims in this action.

### D. Response to Plaintiffs' Objections to the Magistrate's Denial of Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Due Process Claim.

Plaintiffs claim that the magistrate erred in recommending the denial of their motion for partial summary judgment on the substantive due process claim.  (Pls' Obj. To F. & R., pp. 15-17.) Plaintiffs argue that the magistrate applied the wrong standard of review, and then reiterate many of the same points that were argued in their original brief.  (*Id.*)  Plaintiffs are incorrect.

This subject has been briefed at length.  (Defs.' M.S.J. Mem., pp. 20-23; Defs.' M.P.S.J. Resp., pp. 14-25, Defs.' Obj. to F. & R., pp. 16-18.)  Defendants incorporate and rely on their previous arguments in response to Plaintiffs' objections.  Defendants additionally emphasize that Plaintiffs' attempt to lower the required standard has no merit.

Plaintiffs claim they must only establish that Defendants acted with "reckless indifference" to Plaintiffs' constitutional rights.  (Pls.' Obj. to F. & R., 15-16.)  In support of the "reckless indifference" standard, Plaintiffs rely solely on *Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1089 (9th Cir. 2009), and supply no supportive analysis.

The *Tennison* case was a suit against police officers who had recorded statements by witnesses favorable to the accused and withheld the statements from prosecutors.  The prisoners' sentences for murder were overturned, and they subsequently brought a § 1983 suit alleging the police officers violated their constitutional rights by withholding the evidence.

In *Tennison*, the Court expressly limited its analysis to the "criminal and habeas context." *Tennison*, 570 F.3d at 1088.  The Court explained that in that context, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* (citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

Page 11 –    DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION

All of the cases discussed in *Tennison* arose in the criminal and habeas context. Further, all of the cases that cite to or discuss *Tennison* arise in the criminal and habeas context. The magistrate correctly rejected Plaintiffs' argument, and cited the appropriate standard for a substantive due process where fundamental liberties are not involved. (F. & R., pp. 17-18.)

When considering land use decisions, which necessarily allow time for deliberation, the courts have examined whether the governing body's conduct was "clearly arbitrary and unreasonable and without substantial relation to governmental interests." *Samson v. City of Bainbridge Island*, 683 F.Supp.2d 1164, 1168-69 (W.D.Wash. 2010). Or, stated another way, the court "merely look[s] to see whether the government *could* have had a legitimate reason for acting as it did." *Halverson v. Skagit County*, 42 F.3d 1257, 1262 (9th Cir. 1994) (quoting *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 66 (9th Cir. 1994)) (emphasis in original, alterations added).[4]

Under this standard and the uncontroverted facts, the magistrate properly denied Plaintiffs' motion for partial summary judgment on the substantive due process claim. (F. & R., p. 19.) The magistrate also denied Defendants' motion for summary judgment, finding that the City could have lacked public purpose for initiating the condemnation. (*Id.*) However, that finding is inconsistent with the "rational relationship" test that the magistrate correctly cited.

As the court explained in *Halverson v. Skagit County, supra*, 42 F.3d at 1261-1262, if it is "at least fairly debatable" that Defendants' conduct is rationally related to a legitimate governmental interest, there has been no violation of substantive due process. *Id.* Therefore, even on summary

---

[4]     Though Plaintiffs contend that this standard only arises when citizens challenge a legislative act, Plaintiffs fail to identify any case or language that limits the application of this standard to the legislative context. In addition, Plaintiffs confusingly argue that the "shocks the conscience" language cited in several due process cases is somehow distinct from the standard identified by the magistrate. (Pls.' Obj. to F. & R., p. 16.) However, in the absence of any infringement on fundamental liberties, the "shocks the conscience" standard refers to the "rational relationship" test, and in no way reduces Plaintiffs' burden here. *See, e.g., Matsuda v. City and County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008).

Page 12 –    DEFENDANTS' RESPONSE TO
         PLAINTIFFS' OBJECTIONS TO THE
         MAGISTRATE'S FINDINGS AND
         RECOMMENDATION

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

judgment, the question is not whether Defendants could have had an improper motive, but whether there is enough evidence to find that the motive could have been legitimate. Here, the record contains uncontroverted evidence that the City had legitimate needs and objectives for pursuing the condemnation. (Defs.' Resp. C.S.M.F. ¶¶ 38-48.) Therefore Defendants are entitled to summary judgment on the substantive due process claim.

E.    **Response to Plaintiffs' Objections to the Magistrate's Decision to Grant Summary Judgment on the Tort Claims Brought under State Law.**

Plaintiffs object to the Magistrate's decision to grant summary judgment on its claims for nuisance, wrongful interference with prospective business advantage, and wrongful initiation of civil proceedings. Plaintiffs do not raise any objection to the Magistrate's decision to grant Defendants' summary judgment on their claims for denial of access to courts or procedural due process. Therefore, Defendants will only address Plaintiffs' objections to these three state tort claims, which were properly rejected by the magistrate.

1.    **The Magistrate Properly Granted Defendants' Summary Judgment Motion on the Intentional Interference Claim.**

Plaintiffs object to the magistrate's recommendation to grant Defendants' motion for summary judgment on Plaintiffs' claim for intentional interference with economic relations. (Pls.' Obj. to F. & R., pp. 18-19); (F. & R., pp. 30-33). Defendants incorporate and rely on their previous arguments, as well as the magistrate's findings. (Defs.' M.S.J. Mem., pp. 25-26); (Defs.' M.P.S.J. Resp., pp. 33-36); (F. & R., pp. 30-33). Defendants additionally emphasize the following points.

The magistrate correctly found that Plaintiffs fail to establish the type of business relationship that is protected by this tort. (F. & R., p. 31.) "Liability for intentional interference with prospective business advantage *** arises when the defendant, without a privilege to do so, induces a third person not to enter into or to continue a business relationship with the plaintiff." *Thompson v. Telephone & Data Systems, Inc.*, 130 Or. App. 302, 313 fn. 1, 881 P.2d 819 (1994)

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

(citing *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or. 201, 206, 582 P.2d 1365 (1978)).
Otherwise, the elements for interference with prospective business advantage and contract are
identical. *Id.*

Here, Plaintiffs claim that they demonstrated a prospective business advantage based
solely on the existence their nursery business. (Pls.' Obj. to F. & R., p. 19.) In doing so,
Plaintiffs merely speculate that they could have made larger profits on its 2006 nursery crop but
for the condemnation action. Meanwhile, Plaintiffs do not identify any specific business
relationship that was at stake. Plaintiffs cannot identify any case that extends this tort to the type
of general disruption that they allege. Therefore their interference claim fails as a matter of law.

In addition, the magistrate should have recognized that the City's filing of a
condemnation action does not constitute improper means that could subject it to liability for an
"interference" claim.

First, Plaintiffs rely solely on a footnoted reference in the *Top Service* case to claim that
the City interfered with their business through improper means, and present no further analysis.
(Pls.' Resp., pp. 28-29) (quoting *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or. 201, 209 fn.
11, 582 P.2d 1365 (1978)). There, the Court observed that, "[c]ommonly included among
improper means are violence, threats or other intimidation, deceit or misrepresentation, bribery,
*unfounded litigation*, defamation, or disparaging falsehood." *Id.* (emphasis added).

In *Mantia v. Hanson*, 190 Or. App. 412, 429, 79 P.3d 404 (2003), the Oregon Court of
Appeals explained that the prosecution of "unfounded litigation" constitutes actionable
"improper means" for purposes of tortious interference where (1) the plaintiff in the antecedent
proceedings lacked probable cause to prosecute those proceedings; (2) the primary purpose of
those proceedings was something other than to secure an adjudication of the claims asserted
there; and (3) the antecedent proceedings were terminated in favor of the party now asserting the
tortious interference claim.

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

In this case, there is substantial evidence in the record of probable cause to pursue condemnation. (See, e.g., Defs.' Resp. C.S.M.F., ¶¶ 38-48.) Further, Plaintiffs fail to provide any legitimate basis to question the City's primary purpose, which was to acquire the land for recreational use. (Lerner Aff., Ex. A, p. 186:14 – p. 187:13.) Therefore the City's condemnation action does not qualify as the type of "improper means" that can support an interference claim.

Second, one of the requirements in such claims is that the type of interference is not privileged. *North Pac. Lumber Co. v. Moore*, 275 Or. 359, 369, 551 P.2d 431 (1976). Defendants have cited a litany of decisions showing that the initiation and abandonment of condemnation actions is privileged conduct. (*See, e.g.,* Defs.' M.S.J. Memo., pp. 7-8, 11-13.) There is no support for Plaintiffs' claim that the City's failure to satisfy the statutory public necessity requirement for the entire property overcomes that privilege. *See, e.g.: Johnson v. Oregon Dept. of Fish and Wildlife*, 114 Or. App. 335, 835 P.2d 133 (1992) (holding that a governing body's failure to follow procedures does not constitute "improper means" for purposes of an interference with prospective business advantage claim). Accordingly, Plaintiffs cannot rely on the initiation of the condemnation action to claim interference through improper means.

Finally, the magistrate should have recognized that there was no evidence of actual interference to support Plaintiffs' claim. (F. & R., p. 33.) Plaintiffs had exclusive possession and control of the property throughout the pendency of the condemnation. Therefore Plaintiffs fail to satisfy the fifth and sixth elements of an interference claim (interference and damages) as well.

**2.    The Magistrate Properly Granted Defendants' Summary Judgment Motion on Plaintiffs' Private Nuisance Claim.**

In opposition to Defendants' motion, Plaintiffs fail to identify a single authority that supports their private nuisance claim. Importantly, Plaintiffs fail to identify any authority that supports a private nuisance claim based on non-physical conduct. In fact, every case identified by Plaintiffs arose from physical activity that was conducted near the plaintiffs' property, rather

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

than a condemnation, court proceedings or other forms of non-physical interference.  (See Pls.'
M.P.S.J. Memo., pp. 34-35); (Defs.' Resp., pp. 36-37).

     Defendants reiterate that the "[m]ere plotting or planning in anticipation of a public
improvement does not constitute a taking *or damaging* of property affected."  *Fifth Avenue Corp.
v. Washington Co., supra,* 282 Or. 614 (emphasis added).  Therefore Plaintiffs' nuisance claim
fails as a matter of law.

     **3.**     **The Magistrate Properly Granted Defendants' Summary Judgment
Motion on Plaintiffs' Wrongful Initiation of Civil Proceedings Claim.**

     Finally, Plaintiffs object to the magistrate's recommendation to grant Defendants
summary judgment on Plaintiffs' "wrongful initiation of civil proceedings" claim.  (Pls.' Obj. to
F. & R., pp. 21-22).  This claim was properly rejected by the magistrate, because Plaintiffs could
not satisfy the "malice" requirement that drives the tort.  (F. & R., pp. 34-36).

     Plaintiffs acknowledge that in order to prove a "wrongful initiation of civil proceedings
claim," they must establish the existence of malice, "or as is sometimes stated, the existence of a
primary purpose *other than* that of securing an adjudication of the claim[.]"  *Portland Trailer &
Equipment, Inc. v. A-i Freeman Moving & Storage, Inc.,* 182 Or. App. 347, 351, 49 P.3d
803 (2002) (emphasis added).  Plaintiffs argue that the City's attempt to acquire all 140 acres of
their property somehow reflects that Defendants acted with malice during the underlying
condemnation.  (Pls.' Obj. to F. & R., p. 20-21.)  Plaintiffs also argue that Judge Gardner's order
awarding abandonment damages establishes malice.  (*Id.*)  Neither of these arguments is
credible.

     There is no evidence of malice in the record.  There is no evidence that the City initiated
condemnation proceedings for any reason other than to acquire the property.  Plaintiff Hally
Haworth expressly acknowledged this in his deposition, when he agreed that it was fair to say
that the only reason that Plaintiffs were involved in the condemnation was because they owned
the property that the City wanted.  (Lerner Aff., Ex. A, pp. 186:14 – 187:13.)

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**

Plaintiffs have no legitimate basis to dispute that the City attempted to acquire the Zurcher property before Plaintiffs ever purchased it. (Defs.' C.S.M.F. ¶ 1.) The City attempted to acquire the property to address its needs for recreational and open space. (Defs. Resp. C.S.M.F. ¶¶ 38-48.) The City Council believed it could develop a recreational facility on the site that attracted tourism to the community. (*Id.*) Plaintiffs simply ignore these legitimate purposes. Plaintiffs also ignore the general purpose of the condemnation process, which is to provide just compensation for land that is taken for public use. Because there is no support in the record for Plaintiffs' allegation of improper motive, Plaintiffs cannot support their "wrongful initiation of civil proceedings" claim as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the Magistrate's Findings and Recommendation lack merit. This court should follow the magistrate's recommendation to deny Plaintiffs' motion for partial summary judgment in its entirely. Further, this court should grant Defendants' motion for summary judgment on all of Plaintiffs' claims.

DATED this 17th day of May, 2011.

HOFFMAN HART & WAGNER, LLP

By:    /s/  Richard J. Kuhn
_____
Richard J. Kuhn, OSB #812850
Trial Attorney for Defendants

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301