IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HALLY AND MARY HAWORTH,                           3:09-cv-1241-AC

                    Plaintiffs,                              ORDER

          v.

CITY OF FOREST GROVE, a
municipal subdivision of the
State of Oregon; RICHARD G.
KIDD, III, in his official
capacity; PETER TRUAX, in his
official capacity; VICTORIA
LOWE, in her official
capacity; RONALD THOMPSON, in
his official capacity; THOMAS
JOHNSTON, in his official
capacity; ELENA UHING, in her
official capacity; CAMILLE
MILLER, in her official
capacity; DEENA BARRETT, in
her official capacity; MICHAEL
J. SYKES, in his official
capacity; PAUL DOWNEY, in his
official capacity,

                    Defendants.

MARSH, Judge

     Plaintiffs Hally and Mary Haworth bring several claims for

relief following their purchase of a 140-acre parcel of property in

1 - ORDER

Washington County, and the subsequent attempt by defendants to acquire that property through a condemnation proceeding which defendants eventually abandoned.  The parties filed cross-motions for summary judgment.  On April 12, 2011, Magistrate Judge John V. Acosta issued a Findings and Recommendation (#69) in which he recommended denying plaintiffs' partial motion for summary judgment against Defendants City of Forest Grove (the City), Richard G. Kidd, III (Mayor Kidd), and Michael J. Sykes (Sykes)(collectively defendants) in its entirety.  Judge Acosta recommended granting defendants' motion for summary judgment on the claims for denial of access to the courts, procedural due process, intentional interference with prospective business advantage, private nuisance, and wrongful initiation of civil proceedings.  Judge Acosta also recommended denying defendants' motion for summary judgment on the claims of substantive due process and inverse condemnation.

The parties have timely filed lengthy objections and have submitted responses to those objections.  (#74, 75, 77, 78.) When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.  See 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

2 - ORDER

The court has given the file of this case a *de novo* review, and has carefully evaluated the Magistrate Judge's Findings and Recommendation, the parties' objections, and the record of the case. The Findings and Recommendation is adopted as modified.

**DISCUSSION**

I.  **Plaintiffs' Objections to the Magistrate's Failure to Strike Evidence.**

Plaintiffs contend that Judge Acosta erred in failing to rule on several evidentiary objections, and as a result, improperly considered some of this evidence in finding that the City's pre-condemnation process was "meaningful." (Plaintiff's Objections to F&R (#74), p. 3-4; F&R (#69) p. 20.) It appears that Judge Acosta has not ruled on plaintiff's evidentiary objections, and therefore, I do so now.

Specifically, plaintiffs object to the following testimony of Michael Sykes:

> 4. . . . We believed that the additional parks could not only accommodate the needs of the City's growing population, but also potentially attract regional tourism.
>
> . . . .
>
> 6. . . . The City staff and Council believed we needed the property in order to build the parks. (Decl. of Michael J. Sykes (Sykes Decl.) (#44-4, ¶¶ 4 & 6.)

Plaintiffs contend Sykes' statements are inadmissible speculation under Rule 602, and are contradicted by his own deposition

3 - ORDER

testimony and an admission by the City Attorney that the City's condemnation action "was not an appropriate use of the eminent domain policy." (See Plaintiff's Memo in Opposition to Defendants Motion for Summary Judgment (#49) p. 2.) Defendants argue that the testimony is admissible because it is based on Sykes' first-hand knowledge as City Manager and the accuracy of his testimony is supported by the August 16, 2005 executive session minutes.

In his declaration, Sykes provides that he is employed by the City of Forest Grove as the City Manager, and in that capacity, he works with the City Council. (See Sykes Decl. (#44-4) at ¶ 1.) Sykes was present during the executive session conducted on August 16, 2005, at which the City Council discussed the potential need to condemn plaintiffs' property. Having reviewed the executive session committee minutes in *toto*, it is evident that not all City Council members agreed that the City needed the property for parks. (Umscheid Decl. Ex. 6 (#43-2) p. 11-12, 25, 27.) Thus, Sykes may testify as to his own beliefs, but on the record before me, his beliefs do not appear to be synonymous with those of City staff or the City Council. Accordingly, the word "we" from ¶ 4 and "the City staff and Council" from ¶ 6 are stricken. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1028 (9th Cir. 2001)(Rule 602 requires personal knowledge). The remainder of the above quoted statements are admissible. I reject plaintiffs'

argument that the inadmissible evidence had any impact on Judge Acosta's Findings and Recommendation.

Plaintiffs also object to the admissibility of the trial testimony of Mayor Kidd concerning out-of-court statements by City Councilors as hearsay.  Fed. R. Evid. 801, 802.  I have reviewed the two pieces of Mayor Kidd's testimony identified by plaintiffs and am satisfied that when read in their entirety, the statements reflect Mayor Kidd's personal recollections, and as such, are not inadmissible hearsay.

## II.  Plaintiffs' Objections to the Magistrate's Factual Findings.

Plaintiffs object to six factual findings made by Judge Acosta, and contend that these erroneous findings resulted in erroneous legal conclusions.  Only two of plaintiffs' objections merit discussion.

First, plaintiffs contend that Judge Acosta erroneously found that "there is uncontroverted evidence that the City engaged in meaningful, though potentially flawed, process prior to exercising its power of eminent domain." (F&R at p. 20.)  According to plaintiffs, this finding affects the legal analysis of their claims for substantive due process, intentional interference with prospective business advantage, and wrongful initiation of civil proceedings.  I disagree.

With respect to plaintiffs' substantive due process claim, Judge Acosta denied the parties' cross-motions for summary

judgment.  Accordingly, the characterization of the City's process as "meaningful" has no impact on that legal ruling.  With respect to plaintiffs' claim for intentional interference with prospective business advantage, Judge Acosta correctly concluded that plaintiff did not establish the existence of a professional or business relationship contemplated by this tort.  Again, whether the City's process was meaningful has no impact on the relevant legal ruling. Lastly, with respect to the wrongful initiation of civil proceedings claim, Judge Acosta concluded that plaintiff did not establish a genuine issue of material fact concerning the element of malice.  Because I find no error in Judge Acosta's analysis of this claim, plaintiffs' objection is rejected.

Plaintiffs' second objection contends that Judge Acosta incorrectly construed a statement in a report by Community Development Director John Holan.   I disagree.

I begin by noting that at page six of the Findings and Recommendation, Judge Acosta quoted Holan correctly as stating "there is a 60 percent chance of success to develop a park as envisioned above." (Umscheid Decl. Ex. 16, p. 9.)  At page 35, Judge Acosta paraphrases Holan as giving "the condemnation action a sixty-percent chance of success" when discussing plaintiffs' wrongful initiation of civil proceedings claim.  In relevant part, Judge Acosta concludes that plaintiffs did establish an issue of fact as to whether the City had probable cause to initiate the

condemnation proceeding based on Holan's report. Judge Acosta ultimately granted summary judgment to defendants on this claim because plaintiffs failed to establish a genuine issue of material fact on the element of malice, not probable cause. (Id.) Thus, contrary to plaintiffs assertions, any alleged inaccuracy concerning Holan's report at page 35 of the Findings and Recommendation was harmless at best.

I have carefully reviewed plaintiff's remaining four objections to Judge Acosta's factual findings and I find them to be without merit and immaterial to resolution of the legal issues on summary judgment. Based on the foregoing, Judge Acosta's factual findings are adopted.

**III. Plaintiffs' Objections to the Magistrate's Legal Rulings.**

**A. General Legal Conclusions.**

Plaintiffs make four objections to Judge Acosta's legal conclusions: (1) Judge Acosta erroneously applied the doctrine of issue preclusion to their claims; (2) Judge Acosta failed to give adequate weight to the City attorney's admissions; (3) Judge Acosta incorrectly applied O.R.S. § 35.235; and (4) Judge Acosta failed to properly consider the City's violation of the Oregon Public Meetings Law. I have reviewed those portions of the record *de novo*, and have carefully evaluated the Magistrate Judge's Findings and Recommendation and petitioner's objections. I reject plaintiffs arguments and find these portions of the Findings and

Recommendation well-reasoned, without error, and accordingly, they are adopted.

**B.   Specific Claims.**

    **1.   substantive due process, intentional interference with prospective business advantage, and wrongful initiation of civil proceedings.**

Plaintiffs submit that Judge Acosta erroneously recommended denying plaintiffs' motion for summary judgment on their substantive due process claim. Plaintiffs also contend that Judge Acosta erroneously recommended granting defendants' motion for summary judgment on their claims for intentional interference with prospective business advantage and wrongful initiation of civil proceedings. I have carefully reviewed Judge Acosta's analysis of plaintiffs' claims for substantive due process, intentional interference with prospective business advantage, and wrongful initiation of civil proceedings and pertinent portions of the record. I find those portions to be well-reasoned and free of error, and accordingly, they are adopted.

    **2.   nuisance.**

Plaintiffs assert that Judge Acosta erroneously granted summary judgment to the City on plaintiff's nuisance claim. I agree. As plaintiff correctly notes, Judge Acosta denied summary judgment on plaintiffs' inverse condemnation claim. And, as Judge Acosta correctly found, the same analysis applies to plaintiffs' nuisance claim as that used for the inverse condemnation claim.

Judge Acosta's contrary finding appears to be an oversight, and in error. Accordingly, I find, consistent with Judge Acosta's inverse condemnation analysis, that defendant's motion for summary judgment on the nuisance claim is denied.

**IV.  Defendants' Objections.**

Defendants object to the denial of their motion for summary judgment on plaintiffs' claims for inverse condemnation and substantive due process. Defendants essentially reiterate arguments previously presented to Judge Acosta. Because I find those portions of the Findings and Recommendation are well-reasoned and free of legal error, defendants' objections are rejected.

Defendants also contend that Judge Acosta failed to address their motion for summary judgment on specific types of damages claimed by plaintiffs. Defendants submit that plaintiffs are not entitled to damages for diminution in their property value, emotional distress damages, losses caused by plaintiffs' own actions, damages to property which has outlived its useful life, and plaintiffs' claims for fees and interest which they contend have been previously denied. I agree with Judge Acosta that issues of fact preclude a ruling on damages at this time. Accordingly, defendants' objections are overruled.

In summary, I conclude that the Findings and Recommendation is well-reasoned, and free from error, with the exception of the recommendation on plaintiffs' nuisance claim. The Findings and

Recommendation is modified to reflect that defendants' motion for summary judgment on the nuisance claim is denied.  Additionally, the Findings and Recommendation is modified to reflect the two evidentiary rulings as detailed above.

### CONCLUSION

Based on the foregoing, I conclude the Magistrate Judge's Findings and Recommendation (#69) in this action is ADOPTED, as MODIFIED above.  Plaintiffs' motion for summary judgment (#38) is denied in its entirety.  Defendants' motion for summary judgment (#44) on the claims of denial of access to the courts, procedural due process, intentional interference with prospective business advantage, and wrongful initiation of civil proceedings is GRANTED. Defendants' motion for summary judgment on the claims of substantive due process, inverse condemnation, and private nuisance are DENIED.

IT IS SO ORDERED.

DATED this  6th  day of JULY, 2011.


   /s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge


10 - ORDER